## HENRY HURD *v.* JACOB MILLER.

No action will lie for injuries arising from a trespass upon real property, where the premises are situated in another state.

The action for use and occupation only lies where the occupant went into possession by permission of the landlord, or where there exists between them the relation of landlord and tenant, under an agreement express or implied.

It cannot be maintained where it appears that the occupant wrongfully entered upon, and took possession of the premises.

AT SPECIAL TERM, *January* 20, 1859.

Demurrer to a complaint. The complaint was in the following form:

"That, during the year 1857, he (said plaintiff) was the lessee and tenant of a certain lot of land in Hudson city, state of New Jersey, containing about six acres, said lot being a vacant lot, used as a cattle yard and pasture, and situate in said city near

and between the court house and the residence of Judge E. T. Carpenter, and near and between Newark avenue and the Hoboken road. That while plaintiff was such tenant and lessee of said lot in and about the month of May in said year 1857, the defendant wrongfully entered upon and took possession of said lot, and continued in the wrongful use and occupation thereof, using the same as a cattle yard and pasture from that time to in or about the month of October in the same year, a period of about six months; and plaintiff says that said use and occupation of said lot was well worth the sum of one hundred and fifty dollars, but that defendant has never paid the same, nor any part thereof, nor any sum whatever, and is justly indebted to plaintiff in that amount for said wrongful use and occupation, with interest from the first day of November, 1857 Wherefore plaintiff demands judgment against defendant for said sum of one hundred and fifty dollars, with interest."

The defendant demurred, and stated the following to be his grounds of demurrer:

1st. Plaintiff seeks to recover for a trespass committed in another state.. 2d. That two actions are improperly joined in this action. 3d. The complaint does not show that the plaintiff is the proper party to sue. It does not show that the plaintiff is the owner of the premises, or has a legal right thereto, or that he was in possession thereof. It does not sufficiently describe the premises which the plaintiff alleges the defendant committed a trespass upon. 4th. That the complaint does not state facts sufficient to constitute a cause of action.

*Beebee, Dean & Donohue,* for the defendant.

I. The complaint seeks to maintain an action of trespass, for wrongfully entering upon and taking possession of real estate, situate in the state of New Jersey, of which plaintiff claims he was tenant and lessee. 1st. An action cannot be maintained in this state for a trespass committed on real estate in another state. State courts have no jurisdiction. *Watts* v. *Kinney,* 23 Wend. 484, affirmed 6 Hill, 82. Such actions are local; they have been

so in England, and are now. 1 Chitty's Pleadings, 268, and cases cited; also *Doulson* v. *Matthews*, 4 Term Rep. 503 ; Story on Conflict of Laws, §§ 365, 554, 555, and cases cited. 2d. If this was the common law, certainly it must now prevail in the absence of any statute to the contrary. 3d. Even the Code cannot prescribe the place of trial in such actions, where the property lies out of the state.

II. The complaint also, in the demand for judgment, seeks to recover for the use and occupation of said premises, and in an indirect manner joins the two actions of trespass, and use and occupation in one action. 1st. An action for use and occupation cannot be maintained, for the complaint on its face shows that the defendant wrongfully entered upon and forcibly took pos-- session of said premises. To sustain an action for use and occu- pation, the relation of landlord and tenant must be shown to exist by the pleadings. 1 Chitty's Pleadings, 106 ; 13 Johns. Rep. 240; id. 489; *Smith* v. *Stewart*, 6 Johns. Rep. 46, and cases cited; Cowen's Treatise (4th ed.) 335. 2d. An agree- ment to sustain the relation of landlord and tenant, cannot be implied, but must be proven, either by the payment of rent, or a permission by the landlord, under some previous agreement. Chitty on Contracts, 370 to 373, and cases cited. 3d. The actions of trespass, and use and occupation, cannot be joined. Code, § 167. The complaint in this action, even if the two actions could be joined, does not sufficiently separate them. *Getty* v. *Hudson River RR. Co.*, 8 How. Pr. R. 177.

*William H. Green*, for the plaintiff.

I. The action is on contract upon *quantum meruit*, for occupa- tion of premises. The tort is waived, and so far as it is alluded to, is irrelevant matter, which may be stricken out. It is not ground of demurrer. A contract at common law is " any de- scription of agreement, obligation or legal tie, whereby one party binds himself or becomes bound, expressly or impliedly, to an- other, to" &c., &c. Chitty on Contracts, 2. In many cases it is

Hurd v. Miller.

a mere inference or conclusion of law from the legal liability. Gould Pl. 330.

II. Contracts follow the person, and may be enforced against the debtor, in any state where the action by its own laws is maintainable. The remedy is controlled by the *lex fori.* *Andrews* v. *Hericott,* 4 Cowen, 508. If the contract concern lands in another state, our courts will construe it according to the *lex loci.* *Abell* v. *Douglass,* 4 Denio, 305. An action for use and occupation is transitory. *Corporation N. Y.* v. *Dawson,* 2 Johns. C. 335; *Law* v. *Hallett,* 2 Caines', 374. This action is analogous to the common law action for mesne profits, (*Smith* v. *Stewart,* 6 Johns. 46), which was before the Code in form in assumpsit, (Graham's Pr. 691, 692), and judgment therein was rendered as in actions of assumpsit for use and occupation. Code, § 167, sub. 5; *Cropsey* v. *Sweeny,* 7 Abbott Pr. 129.

BRADY, J.—Assumpsit will lie at common law for rent upon an express, but not upon an implied promise, (Buller's N. P. 138; 3 Lev. 150; *Featherstonhaugh* v. *Bradshaw,* 1 Wend. 135), even where the use and occupation was by permission of the plaintiff. *Lewis* v. *Wallace,* Buller's N. P. 139. By the Revised Statutes any landlord may recover, in this form of action, a reasonable satisfaction for the use and occupation of any lands or tenements, by any person under any agreement not made by deed; (1 R. S. 478, § 26); and it has been held that this statute applied only to the case of a demise, and when there existed the relation of landlord and tenant, founded on some agreement express or implied. *Smith* v. *Stewart,* 6 Johns. R. 36; *Osgood* v. *Dewey,* 13 Johns. R. 240; *Abeel* v. *Radcliff,* id. 297; *Bancroft* v. *Wardwell,* id. 489; *Featherstonhaugh* v. *Bradshaw, supra; Wood* v. *Wilcox,* 1 Denio, 37.

If the plaintiff had alleged in his complaint that the defendant used and occupied his premises, and had claimed a sum as a reasonable satisfaction therefor, that might possibly have been sufficient to sustain his action, but he repudiates the relation of landlord and tenant, by alleging that the defendant wrongfully

entered upon and took possession of his lot, and continued in such wrongful use and occupation for the period named. He treats the defendant as a trespasser, and yet claims to recover for the wrongful use and occupation of the premises mentioned. He cannot recover for the trespass, because it was committed in another state ( *Watts' Adm'rs* v. *Kinney*, 23 Wend. 484); or for the use and occupation, because he disclaims any agreement upon which such an action could be based. The defendant is therefore entitled to judgment, but the plaintiff has liberty to amend in ten days, on payment of costs.

Ordered accordingly.