Garner agt. Thorn.

# N. Y. SUPERIOR COURT.

HARRIET M. GARNER and another agt. WILLIAM E. THORN
and others.

*Demurrer to complaint — Entirety of a cause of action — What constitutes a single cause of action as distinguished from several causes of action — Code of Civil Procedure, section 484.*

The general rule in equity pleading is, that a bill may be filed against several persons relative to matters of the same nature forming a connected series of acts, all intended to defraud and injure the plaintiffs, and in which all the defendants were, more or less, concerned, though not guilty, in each act.

The Code has not essentially altered the rules of equity pleading as it regards multifariousness.

The language of section 484 of the Code of Civil Procedure *seems* to be intended to apply to equitable actions which frequently embrace complicated acts and transactions relating to the subject-matter of the action which it would be desirable to settle in a single controversy, and should not interfere with settled doctrines of equitable procedure, pleadings, parties and remedies.

In the case of the maladministration of an estate, where an action is brought for the purpose of securing and protecting a trust, the complaint, after stating the facts necessary to show the origin and history of the trust, sets forth the legal rights of the plaintiffs and the liabilities of the different defendants in respect to the trust fund and acts and malfeasance of the defendant T., as trustee, and that he is chiefly concerned to promote the interest of G. & Co., instead of that of the trust, and it concludes with a prayer for relief in various forms adapted to the liability set forth in the complaint:

*Held*, that the preservation and restoration of the trust fund in its entirety is the subject-matter, "*the cause of action*," in a suit brought for that purpose, no matter how many acts of mismanagement are alleged, nor how many parties, strangers to each other, are involved in the possession, or claim the different parts of the estate.

*Held*, also, that although it appears that all of the defendants were not

Garner agt. Thorn.

jointly concerned in every act of wrong, there are a series of acts on the part of the persons concerned in its management, and produced by the same fraudulent intent, which contributed to the injury of the plaintiffs. The several matters charged are not so distinct and unconnected as to render the joining of them in one complaint a ground of demurrer.

The issues presented in the complaint are not such as are required to be separately tried by a court of equity; and although the reliefs growing out of the bill and prayed for in respect to the several defendants are according to their respective liabilities, it is still but one subject-matter of action.

A prayer for judgment is not demurrable.

*Special Term, November,* 1878.

THE action is brought by Harriet H. Garner, widow of Thomas Garner, Jr., deceased, and her daughter Fanny M. Garner, the only child of Harriet H. and Thomas Garner, Jr., for the purpose of securing and protecting a trust of $1,000,000.

A concise statement of the complaint is important to show the origin and history of the trust.

Thomas Garner, Sr., by a bequest in his will gave to his son Thomas Garner, Jr., the sum of $1,000,000 to be paid to him within eighteen months after the father's death. His son William T. Garner qualified as sole executor, and by the terms of the trust was bound to make payment of this fund out of his father's estate, which was estimated at more than six millions of dollars at the time of his death, when the one million of dollars was locked up in the firm of Garner & Co., composed of William T. and Thomas, Jr. After the expiration of eighteen months and before the legacy had been paid Thomas Garner, Jr., died leaving to his wife and daughter, the plaintiffs, the legacy of $1,000,000, independent of his interest in the firm, and appointed his brother William T. and the defendant Thorn executors and trustees. They both qualified and became chargeable with the responsibilities of the trust to collect and receive, and William, as execu-

tor of his father's will, to pay; but instead of doing so the money was retained in the firm and never separated from the estate of his brother Thomas.

When Thomas, Jr., died, the firm was carried on by William T. and the defendant Johnson, and the former, as executor of his father, by entries in the firm's books, debited the estate of his father and credited the estate of his brother with the amount of the legacy by giving to himself and Thorn, as trustees, a mortgage of $90,000 on property belonging to him in Monroe county, and procuring the Harmony Mills (a manufacturing company, of which he was the president and owner of the stock) to execute another bond and mortgage for $710,000, out of the $990,000 to himself and Thorn, as trustees of his brother's estate, and charged the rest as payments, which, according to the allegations of the complaint, had not been made.

This is alleged to be an improper investment of trust funds; that the property covered by the first mortgage of $90,000 was part of the estate of Thomas Garner, Sr., and acquired by William T. as residuary devisee under his father's will; that the Harmony Mills was in name a corporation, but owned by Garner & Co., and that the mortgage thereon was not lawfully executed, and that both pieces of property were subject to two mortgages of equal amounts, without priority, the one over the other, to the estate of Anna Garner, who, by the will of Thomas Garner, Sr., was also bequeathed an equal legacy of a million dollars; that the property covered by the mortgages is wholly inadequate, the security precarious and the whole trust fund imperiled, and that the object of the whole arrangement was not to take care of the trust, but to appropriate the trust money for the use of Garner & Co.; that the death of William T. Garner left the whole trust property and his whole estate, including the million dollars of the trust fund, in the hands of Johnson as surviving partner, subject to the perils of the business, under a will by which, during the lifetime of a daughter named, the business is to be carried

on by Johnson, as survivor, and by the executors, Thorn, Lawrence and Johnson.

The complaint then sets forth the legal rights of the plaintiffs and the liabilities of the different defendants in respect to the trust fund and acts of malfeasance and hostility on the part of the defendant Thorn as trustee, and that he is chiefly concerned to promote the interest of Garner & Co., instead of that of the trust, and it concludes with a prayer for relief in various forms adapted to the liability set forth in the complaint.

*Cole. & Kingsford*, for plaintiffs.    *Joseph H. Choate*, of counsel.

*Marsh & Wallis*, for defendants Thorn and Harmony Mills.    *Luther R. Marsh*, of counsel.

*Homer A. Nelson*, for defendants, executors of Garner.

*Nathaniel S. Smith*, for defendant S. W. Johnson.

SPEIR, *J.* — It is apparent, from the foregoing concise statement of the complaint, that the one subject-matter of the action is the trust, and the cause of action the several violations and misappropriations of which it has been the subject.

The object of the suit is a legitimate one, and peculiarly appeals to a court of equity to accomplish its purpose. If the allegations are true, and as such they are to be taken on this demurrer, this is an unjustifiable and inexcusable disregard of the plain performance of a duty voluntarily assumed by executors and trustees, and a willful and fraudulent appropriation by them and the other defendants of funds devoted, in terms, for the protection and support of the beneficiaries of the trust. It is clear that the plaintiffs are entitled to the protection and relief of the court. The only question here is, whether they must seek it by separate suits against each of the individuals implicated in the transactions, or whether they are at liberty to bring them all into court in one suit.

The complaint recites but one connected history of this trust fund. It begins with its origin under the will of Thomas Garner, Sr., and comes down in one unbroken line through the various trustees and other defendants to the present time.

Although it appears that all of the defendants were not jointly concerned in every act of wrong, there are a series of acts on the part of the persons concerned in its management, and produced by the same fraudulent intent, which contributed to the injury of the plaintiffs. The question is, whether the several matters charged are so distinct and unconnected as to render the joining of them in one bill a ground of demurrer? Chancellor KENT, in *Brinkerhoff* agt. *Brown* (6 *John. Chan.*, 139), a leading case, says, after citing several cases: "The principle to be adduced from these cases is, that a bill against several persons must relate to matters of the same nature and having a connection with each other, and in which all the defendants are, more or less, concerned, though their rights in respect to the general subject of the case may be distinct." Again, he says: "The remedy would, of course, be varied and adapted to the case of each individual defendant if the general charge of fraud should be established; and if it should only be established in part as against some of the defendants and not as against others, the decree would also then be adapted to the proof. I do not see that this circumstance can create any difficulty in sustaining the bill. It is cheapest and best, for the interest of all parties, that the subject of all the fraud, in all its parts, should be investigated and settled in one suit (*See, also, Fellows* agt. *Fellows*, 4 *Cowen*, 682; *Story's Equity Pleadings*, 285, 285a, 286 and 286a, and *cases cited*). The whole doctrine seems to be summed up in section 539.

The general rule in equity pleading being thus established it follows that demurrers of this kind should be cautiously received. The pleader in every complicated case embracing a series of fraudulent transactions among various defendants, intimately and more remotely connected as the present one,

must find much difficulty and peril attending the selection of proper parties.

We have here four several demurrers interposed to the complaint, in substance the same, specifying nine supposed different causes of action. It is now well settled that the Code has not essentially altered the rules of equity pleading as it regards multifariousness. Indeed, the comprehensive, vague and uncertain language of the four hundred and eighty-fourth section seems to be intended to apply to equitable actions which frequently embrace complicated acts and transactions relating to the subject-matter of the action which it would be desirable to settle in a single controversy and should not interfere with settled doctrines of equitable procedure, pleadings, parties and remedies (*Pomeroy on Remedies and Remedial Rights*, 496 ; *Wyles* agt. *Suydam*, 64 *N. Y.*, 198).

The objection is taken that here there is an improper joinder under the four hundred and eighty-fourth section of the Code. The objection is based upon the fallacy of supposing that the cause of action is the trust fund, whereas the cause of action, as before stated, being the violations and misappropriations of the trust, it is plain that these causes arise out of transactions connected with the same subject-matter of action, which is the trust itself. The error consists, I think, in not clearly distinguishing the question of proper or necessary parties to a suit in equity from the question of misjoinder of causes of action, and of confounding the distinct prayers for relief with distinct causes of action. An attentive reading of the different branches of the prayer for judgment and the nine supposed different causes of action specified in the demurrer will show that the real grounds of demurrer are founded upon the several grounds for relief. The latter may be wholly omitted in the complaint, yet the plaintiffs would be entitled to such relief as they could establish upon proper proofs of alleged facts. The prayer for judgment is not demurrable.

Among other examples the counsel takes the case of the

Harmony Mills as being improperly joined as defendant. The prayer is, that by an interlocutory judgment, or otherwise, it may be compelled to execute a suitable instrument ratifying and confirming the mortgage of $710,000, and that the defendants Johnson and Thorn and the executors and trustees of William T. Garner, deceased, as stockholders, may be compelled to give their written consent thereto. It appearing in the complaint that this mortgage was executed, without the assent of the stockholders, by the trustees, and was intended as a money payment of the trust fund on the books of Garner & Co.; that the stock of the corporation was, in fact, nearly all owned by that firm and is wholly an insecure and improper investment, and constituted as it stands, a security for the trust money, can there be a question but that it is a proper and necessary party; and that a separate suit is not necessary to secure the relief asked for in the bill? It is true an action might be brought against the firm of Garner & Co., or against the estate of Thomas Garner, Sr., to rescue the trust money from their hands and correct the informality in the mortgage; but a court of equity, in view of the conduct of the several defendants as set forth in the complaint, will not, I apprehend, consent to any measures of delay or unnecessary expensive litigation whereby the whole fund may be absolutely squandered and lost to these plaintiffs. These statements are not made as separate and distinct causes of action against the several defendants, but a cause of action is alleged, by which they are all affected, and in respect to which they are necessary parties.

It is claimed by defendant's counsel that the main and primary object of the suit was the removal of the defendant Thorn, as trustee, and that is the cause of action set forth. In this I think the learned counsel are mistaken. As before stated, and which clearly appears from the complaint, the cause of action consists in the several violations and misappropriations which the trust estate has suffered in passing through the hands of the various defendants, and with which

Garner agt. Thorn.

they have been more or less connected. The restoration and preservation of the trust fund is the primary and important subject-matter of the action. If the court, in the exercise of its equitable powers, should conclude on the whole case that the removal of Thorn is necessary for the protection of the fund, it will then remove him.

The issues presented in the complaint are not such as are required to be separately tried by a court of equity, and although the reliefs growing out of the bill and prayed for in respect to the several defendants are according to their respective liabilities, it is still but one subject-matter of action.

The demurrer should be overruled and judgment ordered for the plaintiffs with costs.