Price agt. Brown.

---

## SUPREME COURT.

Ellis S. Price, as surviving executor and trustee, under the last will, &c., of George J. Price, deceased, agt. Timothy G. Brown, individually and as executor of the last will, &c., of Ephraim D. Brown, deceased.

*Executor — right to call his co-executor to account in a suit in equity — Foreign executor amenable to like authority — Complaint — Parties — Demurrer.*

The plaintiff, as surviving executor of George J. Price, sues defendant individually, and as sole acting executor of his father (who with plaintiff was co-executor of said Price), for an accounting and damages and other relief, alleging that defendant's testator, who, as such co-executor, took the exclusive control and management of Price's estate, committed various wrongful acts, set forth, in relation thereto, imperiling it; charging misconduct in relation to said estate on the part of defendant

since the death of his father, the books and vouchers in relation to said estate having then come into his possession; and setting up that the widow and children of plaintiff's testator, to whom said testator devised the income of his estate during his children's minority, the principal to be then paid to them, are still living and of full age:

*Held*, overruling demurrer to the complaint, that an executor not only has the right to call his co-executor to account in a suit in equity, but a foreign executor may be held amenable to like authority to prevent either a complete or partial failure of justice, and to maintain and enforce a trust; defendant being accountable for his testator's misconduct to the extent of the latter's assets in his hands.

The complaint states a sufficient cause of action under section 484 of the Code.

The case not being one for a final accounting, the widow and devisees of Price are not necessary parties, and if necessary they may be brought in.

As the causes of action stated in the complaint all arise out of one transaction — the alleged breach of trust of defendant's testator — they have not been improperly united.

*In Equity, March,* 1881.

*George W. Stephens,* for demurrant.

*Ira B. Wheeler,* opposed.

LARREMORE, *J.*— The complaint alleges that George J. Price, by his will, devised all his estate, real and personal, to his executors, the plaintiff and the said Ephraim D. Brown, and the survivor of them, in trust to sell or mortgage the same at discretion, to invest the proceeds thereof, and to rent any unsold real estate. The rents, issues and profits, and so much of the principal as may be necessary, is directed to be paid to the testator's wife during her natural life, for her support and that of her children until they become of age, when each child is to receive its full share.

That letters testamentary were issued to plaintiff and said Brown, June 22, 1862, by the surrogate of Queens county, New York. That Brown took upon himself the entire and exclusive control and management of the estate; that plaintiff has had no active participation therein; and that the widow and

children of Price are still living and of full age. That Brown has received all the proceeds of sales of the testator's estate, and all the rents and profits thereof in his lifetime, and that plaintiff has had no information or account concerning the management thereof. That such management appears to have been careless, negligent and improvident, so that the estate is imperiled, and plaintiff, as the survivor of Brown, seeks information as to the condition of the estate, both general and in detail.

It is further alleged that Brown died March 8, 1880, leaving a will which was probated March 29, 1880, in Hudson, New Jersey, whereby he devised all his estate, real and personal, to his wife, and appoints her and his son Timothy G. Brown, the defendant, executors, with full power of sale. The defendant alone qualified; that all the books, papers and vouchers of his father, as executor and trustee of the will of Geo. J. Price, are now in defendant's possession, and that he has never rendered any account thereof.

For a further cause of action it is alleged that Ephraim D. Brown wrongfully and negligently allowed the taxes and assessments to accumulate on said real estate, although the income therefrom was sufficient to pay the same. That plaintiff has paid some portion of said taxes, and that Brown redeemed part of said estate from tax and assessment sales with trust funds of the estate, and took assignments thereof in his individual name, which are now in defendant's possession.

For a further cause of action it is alleged that plaintiff sought to obtain a loan on his father's estate to pay taxes and make repairs thereon, but could not on account of the wrongful, willful and careless withholding by defendant of said tax and assessment leases and his refusal to assign the same, whereby plaintiff is unable to perform his duty in the premises. That by reason of such wrongful acts of said Ephraim D. Brown and the defendant's refusal and misconduct, the estate has been injured and damaged, which injury and damage

will be augmented and continued by defendant's alleged misconduct. Wherefore plaintiff demands that the defendant account both as executor of his father as to all matters and proceedings connected with the estate of Geo. J. Price; that he deliver over all books, papers and other things connected therewith in his possession or under his control; that the damages sustained by the wrongful acts and misconduct be ascertained, and that plaintiff have judgment therefor; and also a judgment against the defendant individually for his misconduct and violation of duty. That an interlocutory decree may be entered for the delivery of all papers belonging to the estate, and final judgment be given for general relief.

The defendant demurs to the complaint separately, in his representative and in his individual capacity: 1st. That the court has no jurisdiction of him as an executor. 2d. That no sufficient cause of action is stated. 3d. Defect of parties, *i. e.*, that the widow and devisees of Price should have been joined as parties defendants. 4th. Both individually and as executor, that several causes of action have been improperly united.

Let us consider the points raised in their order of statement:

*First.* As to jurisdiction. It is contended that the court has no jurisdiction in an action between executors, especially where the defendant is a foreign executor. The authorities cited to sustain this proposition have reference chiefly to actions at law. Nothing is found to impair the right of one executor to call his co-executor to account in a suit in equity. That this may be done as between executors has been settled by the case of *Wood* agt. *Brown* (34 *N. Y.*, 337), and it seems to be unquestioned that a foreign executor may be held amenable to like authority to prevent either a complete or partial failure of justice, and to maintain and enforce a trust (*In re Webb*, 18 *N. Y.*—; 11 *Hun*, 124; *Brown* agt. *Brown*, 1 *Barb. Ch.*, 189; *Morsell* agt. *Dickey*, 1 *John. Lib.*, 154; *Story Confl. of Laws*, secs. 513 *and* 514; *McNamara* agt.

*Dwyer*, 7 *Paige*, 236). The defendant's testator was an executor appointed in the state of New York. The trust created by the will under which he acted relates mainly to property in that state, and it seems both just and equitable that his responsibility should there be determined. There can be no doubt that the original executor and trustee, Ephraim D. Brown, could have been held to account in equity (*Smith* agt. *Lawrence*, 11 *Paige*, 208; *Williams on Executors*, vol. 2, 1625; *Wood* agt. *Brown*, *supra*; *McGregor* agt. *McGregor*, 35 *N. Y.*, 218). The case of *Burt* agt. *Burt* (41 *N. Y.*, 46) is distinguishable in principle, for it did not there appear that the executor had been guilty of wrong conduct and mismanagement in the execution of his trust, or that the estate was in danger. The defendant as the legal representative of Ephraim D. Brown, the trustee, is accountable, to the extent of assets in his hands, for the former's misconduct and breach of trust (*Williams on Executors*, vol. 2, 1819; *Redfield on Wills*, vol. 3, 240, 299; *Foster* agt. *Wilbur*, 1 *Paige*, 537).

*Second.* That no sufficient cause of action is stated. Section 484 of the Code of Civil Procedure provides that a plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover (*inter alia*) upon claims against a trustee by virtue of a contract, or by operation of law, or upon claims arising out of the same transactions connected with the same subject of action, if they are consistent with each other and affect all the parties to the action. The tendency of our practice has been to avoid circuity of actions, and to encourage liberality in pleading. If the facts set forth in the complaint entitle the plaintiff to any relief, legal or equitable, his action will not fail (*Bradley* agt. *Aldrich*, 40 *N. Y.*, 512; *Hale* agt. *Omaha National Bank*, 49 *N. Y.*, 626; *Steinberger* agt. *McGovern*, 56 *N. Y.*, 12; *Margraf* agt. *Muir*, 57 *N. Y.*, 159; *Wheelock* agt. *See*, 74 *N. Y.*, 500). In face of these decisions I hesitate

Ryle agt. Falk.

to hold, on a demurrer which impliedly admits all the facts alleged in the complaint, that the plaintiff will not be entitled to some relief upon proper proof thereof.

*Third.* Defect of parties. This is not a case of a final accounting, and the widow and devisees of Price are not necessary parties (*Wood* agt. *Brown*, 34 *N. Y.*, 337), and, if necessary, they may be brought in (*Sherman* agt. *Parish*, 53 *N. Y.*, 483).

*Fourth.* That several causes of action have been improperly united. Courts of equity have concurrent jurisdiction with surrogates in matters of accounting (*Wood* agt. *Brown*). The causes of action stated in the complaint all arise out of the same transaction, viz., the alleged breach of trust of defendant's testator. Whether or not the defendant is individually liable should be determined on the trial. If the plaintiff has asked for more relief than he is entitled to, that is no ground of demurrer.

There should be judgment for the plaintiff on the demurrer, with leave to defendant to answer on payment of costs.