Otis agt. Seligman *et al.*

## N. Y. COMMON PLEAS.

### BRADFORD OTIS agt. JAMES SELIGMAN *et al.*

*Complaint — Demurrer — Defect of parties — Improper joinder of actions — All tort feasors not necessary parties.*

The complaint alleged that A. delivered to B. jewelers' sweepings worth $4,292 to be refined, for which refining A. was to receive $320, and that B. subsequently assigned to defendants all his plant, &c., including A.'s sweepings, the defendants assuming all the debts and liabilities of B. and taking possession of B.'s property, and judgment is asked for the value of the sweepings less the cost of refining.

*Held* (overruling demurrer to complaint), that defendants having assumed an obligation must be held liable for its consequences; that no issue is presented as to the conversion of property, and if there were the question of the non-joinder of B. is not available, because as joint tort feasors the defendants would be individually liable.

*Special Term, March,* 1884.

THE complaint sets forth the copartnership of the defendants under the firm name of J. & W. Seligman & Co.; that prior to April 15, 1883, John Austin delivered to the firm of Kempf, Nenninger & Co., then doing business as refiners and smelters, 5,820 pounds of jewelers' sweepings to be refined, which assayed sixty-eight pennyweights of gold and silver per 100 pounds, amounting in total value to $4,292.41, for which refining Austin was to receive $320.10; that on April 13, 1883, the firm of Kempf, Nenninger & Co. assigned to the defendants all their plant, machinery, fittings, bullion, scraps, waste goods, chattels and materials of every sort, including the sweepings belonging to Austin, or the product

thereof; that the defendants, in consideration of such assignment, assumed all the debts and liabilities of said firm of Kempf, Nenninger & Co., and especially the claim in dispute, took possession of all its property and thereby became responsible for the contract in controversy; that by its terms the sweepings were to be refined and the product thereof delivered to or accounted for, and the value thereof, less the cost of refining, paid to Austin within twenty days after delivery; that the product of said sweepings has not been returned or accounted for, although twenty days have since elapsed and a demand therefor has been made; that on December 1, 1883, Austin assigned his claim to the plaintiff, who sues for the value of the sweepings, $3,972.71, less the cost of refining, $320.10.

The defendants demur to the complaint on three grounds: 1st. Defect of parties in not joining the members of the firm of Kempf, Nenninger & Co. 2d. That an action for tort for the conversion of property and an action for damages for a breach of contract have been improperly united. 3d. That the complaint does not state facts sufficient to constitute a cause of action.

*Jesse W. Lilienthal*, for demurrants.

*J. Langdon Ward*, opposed.

LARREMORE, *J.* — If the plaintiff is entitled to any relief upon the facts stated the demurrer cannot be sustained (*Price agt. Brown*, 10 *Abb. N. C.*, 67, *and cases cited*). The averment that the defendants especially assumed the liability to plaintiff's assignor brings this case clearly within the ruling of *Burr agt. Beers* (24 *N. Y.*, 178) and fixes their responsibility. They assumed an obligation and must be held liable for its consequences.

It is evident from an inspection of the complaint that no issue is presented as to the conversion of the property. It is the product of the sweepings "left to be refined" which is the

subject of the action. The plaintiff seeks not a recovery in kind, but of the value of the property. But in either case his complaint is not defective in form. He has stated the whole transaction and may be required upon the trial to elect upon which ground he will proceed. That he has asked for more relief than he is entitled to cannot prejudice his claim. In either aspect of the case the question of non-joinder is not available. As joint tort feasors the defendants would be individually liable (*Creed* agt. *Hartman*, 29 *N. Y.*, 591). As promissors under the contract of April 13, 1883, they became liable for its performance (*Lawrence* agt. *Fox*, 20 *N. Y.*, 268; *Arnold* agt. *Nichols*, 64 *N. Y.*, 117).

The demurrer should be overruled, with leave to answer on payment of costs.