AMARIAH H. BRADNER AND DANIEL LOWREY, RESPONDENTS, *v.* JOSEPH HOLLAND AND JOHN B. HOLLAND AND DANIEL BUTTERFIELD, EXECUTOR, ETC., OF MELINDA H. BUTTERFIELD, DECEASED, APPELLANTS.

*Judgment creditors' action — when one action can be maintained to have applied in payment of the judgment legacies due severally to the judgment debtors defendants therein — when it may be brought to reach the interests of legatees before the will has been admitted to probate.*

The complaint alleged that an execution issued upon a judgment recovered by the plaintiffs against the defendants Holland had been returned unsatisfied; that one Butterfield died leaving a will by which she gave to each of the defendants Holland $4,000; that she appointed the defendant Butterfield executor of her will; that the same had been by him presented for probate, and that the defendants Holland had a beneficial interest in the estate of the deceased. It prayed that the plaintiffs' judgment might be declared a lien upon the legacies, and that the executor be directed to apply them thereon when they became payable, and that the defendants Holland be restrained from transferring the said legacies, or any other property which could not be reached by levy and sale under execution, and that the executor be restrained from paying the legacies to them.

*Held,* that demurrers interposed by the defendants Holland severally upon the ground that there was an improper joinder of causes of action, as their interests in the legacies was several and not joint, could not be sustained.

*Quære*, as to whether the defendant executor could have demurred upon this ground.

That the fact that the will had not been admitted to probate, and that no executor had been appointed when the action was brought, did not prevent the plaintiffs from maintaining it as against the Hollands.

*Quære*, as to whether the defendant Butterfield might have demurred upon the ground that he was not an executor in fact.

APPEAL from an interlocutory judgment, entered on a decision made at Special Term overruling demurrers to the complaint, with leave to the defendants to answer within twenty days on the payment of costs.

The complaint charged that the plaintiffs recovered a judgment against the defendants Holland; that an execution thereon had been issued and returned unsatisfied; that Melinda H. Butterfield died, leaving her last will and testament whereby she bequeathed to each of the defendants Holland four thousand dollars, and appointed the defendant Butterfield to be executor thereof; that Butterfield had offered it for probate; that the plaintiffs believe and charge that the defendants Holland are owners or beneficially interested in real estate, and have in their possession some securities, etc., which ought to be applied to the payment of the judgment. And the relief demanded (amongst other things) is that the plaintiffs have a lien upon those legacies; and that the defendant Butterfield as such executor be directed to pay the same to them to apply on the judgment when the same become payable; that the defendants Holland account for all property which they have which is not leviable by execution; that they be restrained from disposing of their property, including those legacies; and that defendant Butterfield as such executor be enjoined from paying the legacies to the defendants Holland or to any person for their use, etc. The demurrers were interposed severally by the defendants Holland on the grounds : (1.) That the complaint fails to state facts sufficient to constitute a cause of action. (2.) That there is a misjoinder of causes of action therein particularly specified. The defendant Butterfield does not appear.

*George Forster*, for the appellants.

*James Wood*, for the respondents.

BRADLEY, J.:

The plaintiffs have a judgment against the defendants Holland. The remedy at law has been exhausted by return of execution unsatisfied. This action is in the nature of a creditor's bill brought to reach the property of those judgment debtors not subject to levy and sale by execution. It is at least proper to join all the judgment debtors as defendants. (*Child* v. *Brace*, 4 Paige, 309; *Van Cleef* v. *Sickles*, 5 id., 505.) The fact that the property sought by the action to be reached is owned by the judgment debtors in severalty is no ground of objection. The judgment is against both defendants, and the purpose of the action is to discover and reach their property to apply in payment of the judgment. It is in no wise important for the purposes of the action whether they own the property jointly or severally. The plaintiffs are in pursuit of the property of the defendants, the judgment debtors. The remedy in view is an equitable and not an unusual one. The old Code (§ 167) did not, nor has the new Code (§ 484) in any substantial respect changed the rule in this class of actions as relates to the parties and the scope of the cause of action. And the provisions of those sections are so general "as to justify the interpretations which shall be found most convenient and best calculated to promote the ends of justice." (*N. Y. and N. H. R. R. Co.* v. *Schuyler*, 17 N. Y., 604.) And distinct rights of property of each of two or more defendants may be pursued by single action against both or all in behalf of creditors to whom they are jointly liable and so charged by judgment, for the purpose of obtaining satisfaction of it. This rule is deemed a just and proper one to save necessity of multiplicity of suits. (*Brinkerhoff* v. *Brown*, 6 Johns. Ch., 139; *Fellows* v. *Fellows*, 4 Cow., 682; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 N. Y., 592, 605; *Boyd* v. *Hoyt*, 5 Paige, 65; *Hammond* v. *H. R. I. & M. Co.*, 20 Barb., 378; *Board of Supervisors* v. *Deyoe*, 77 N. Y., 219; *Garner* v. *Harmony Mills*, 6 Abb. N. C., 212.)

The contention, therefore, that there is a misjoinder of causes of action because neither of the defendants has any interest in the legacy bequeathed to the others of them is not well founded. The case of *Nichols* v. *Drew* (94 N. Y., 22) has no material application to any question in this one.

It is insisted by the learned counsel for the defendants that

because they have no interest in common in the legacies, and Butterfield the executor named in the will has, and can have no relation to the legacies other than that of severalty, the complaint charges different and distinct causes of action as between the plaintiffs and defendants respectively, and makes Butterfield a party as to each of them, and not with both in common in respect to the causes of action alleged, and that neither of the defendants Holland is concerned in the alleged cause of action against the other and Butterfield; that is to say, that to the alleged cause of action against one of the defendants Holland and Butterfield the other defendant Holland is not a party, and therefore there is a misjoinder of causes of action. But it will be observed that the action has only in view the reaching and applying the property of the judgment debtors to the satisfaction of the judgment which is a legitimate purpose of single actions of the character of this one. It is unnecessary to consider the question that might have arisen if Butterfield had demurred. A person may not be improperly although unnecessarily made a party defendant under some circumstances. (*Bailey* v. *Inglee*, 2 Paige, 278.)

In the complaint it is alleged that the will had been offered by Butterfield and was awaiting probate at the time the action was commenced. The executor named in it was evidently made a party in anticipation that letters testamentary would be issued to him, and he thereby become a trustee of the fund to pay the legacies, and for the preservation of it for the purposes of the relief in view. It is unnecessary here to say and we do not consider the question whether or not he might by demurrer effectually object that not being an executor in fact, having received no letters testamentary, there was no cause of action alleged as to him. It is sufficient that he does not raise the question, and that the other defendants cannot by their demurrer. The fact that the will had not been probated when this action was commenced does not aid the defendants. The plaintiffs were at liberty by means of the action to restrain the disposition by them of their rights to the legacies under the will (although such rights had not then been fully perfected by its probate) for the protection of the fund for application on the judgment, when the right in those defendants to the legacies should become fixed, and in anticipation of that event. For the accom-

plishment of such purpose courts of equity will entertain actions and afford relief.

The judgment appealed from should therefore be affirmed, with costs, with leave to the defendants to withdraw their demurrers and answer over within twenty days on payment of costs.

Present — SMITH, P. J., BARKER, HAIGHT and BRADLEY, JJ.

Judgment affirmed, with costs, with leave to defendants to withdraw their demurrers and answer over on payment of costs within twenty days.