### NEWCOMBE *et al. v.* LOTTIMER *et al.*

(*Supreme Court, General Term, First Department.* December 29, 1890.)

1. EXECUTORS—ACTION AGAINST—MISJOINDER.

In an action by pledgees of bonds to enforce their rights as such, against executors claiming title to the bonds as part of the estate of their testator, the executors were made parties individually as well as in their representative capacity. *Held* that, under Code Civil Proc. N. Y. § 1815, providing that an action may be brought against an executor or administrator personally, and also in his representative capacity, where the cause of action set forth is against him in both capacities, or it is uncertain in which capacity it exists, this was not ground of demurrer; as the acts of the executors might result in an individual liability.

2. SAME—PLEDGE BY CO-EXECUTOR—ACTION BY PLEDGEE.

Negotiable bonds belonging to the estate of a testator were pledged by one of his executors to secure his individual indebtedness. He afterwards became insolvent, and the remaining executors claimed title to the bonds as part of the estate. *Held* that, in an action by the pledgees to have the bonds transferred to their names, and to collect the coupons due thereon, but not seeking to determine the ultimate ownership of the securities, the pledgeor was not a necessary party defendant with the other executors.

Appeal from special term, New York county.

Action by Isaac B. Newcombe and Camille Weidenfeld against the Chicago & Northwestern Railway Company and William A. Lottimer and John Bloodgood, individually, and as executors of William Lottimer, deceased. Defendants Lottimer and Bloodgood appeal from an interlocutory judgment overruling their demurrers to the amended complaint. For decision on former appeal, see 8 N. Y. Supp. 366.

Code Civil Proc. N. Y. § 1815, provides: "An action may be brought against an executor or administrator, personally, and also in his representative capacity, in either of the following cases: (1) Where the complaint sets forth a cause of action against him in both capacities, or states facts which render it uncertain in which capacity the cause of action exists against him."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Foster & Thomson,* (*James Thomson,* of counsel,) for appellants. *Butler, Stillman & Hubbard,* (*William Allen Butler* and *Adrian H. Joline,* of counsel,) for respondents.

VAN BRUNT, P. J. This is the second time that this case has been before the general term, and the facts sufficiently appear in the opinion heretofore filed on the 10th of January, 1890. Upon that appeal, the demurrer was sustained in certain respects, and the complaint has been amended, and a new demurrer put in, which was overruled at the special term, and from the judgment thereupon entered this appeal is taken. It is not necessary to discuss the questions which were disposed of by the former appeal, some of which are presented again to our attention. We shall confine ourselves to a brief consideration of the objections made by the appellants to the complaint in question. It is urged that the amended complaint does not state facts sufficient to constitute a cause of action against Lottimer and Bloodgood individually. And this objection is founded upon the fact that Lottimer and Bloodgood as executors of William Lottimer, deceased, are also made parties defendant; and that it is alleged that as executors, they claim title to the secu-

rities which form the subject-matter of this action. It is well settled that the acts of executors in respect to the estate of which they are the trustees, which acts may be proper in themselves, may result in an individual liability of such executors, and that in the course of the administration of an estate, the acts done by the executor are his individual acts for which he is individually responsible, although the acts done may relate to the business of the estate. Applying this rule to the notices given by Lottimer and Bloodgood to the railroad company in reference to these securities, although they claimed to be acting as executors, they may have been individually liable therefor. It was because of the impossibility of determining always from a given state of facts as to whether an individual or representative liability was created that the provisions of the Code were enacted, enabling a party to make executors both individually and representatively parties, and upon the final facts to determine as to whether to hold them as individuals or as executors.

It is also claimed that there is a defect of parties defendant to this action, in the omission of James L. Hill. This objection is not tenable, because here, as in the former action, the plaintiffs do not seek to have the ultimate ownership of these securities determined. All that they claim is that as against the claim of the defendants Lottimer and Bloodgood, either individually or as executors, they have a right to have these securities transferred to their names, and to collect the coupons which have become due thereon. This question can be determined with the parties now before the court. Whether James L. Hill had any title to these securities or not is a matter which is entirely immaterial. If the plaintiffs are not *bona fide* pledgees of these securities, they cannot recover. If they are, then, notwithstanding any claim that the defendants Lottimer and Bloodgood may have upon these securities, they have a right to hold them, to have them transferred, and to collect the moneys which have become due upon them. Hill is not a necessary party to the controversy as between Lottimer and Bloodgood and the plaintiffs. What may be the ultimate fate of these securities is another question. But as pledgees, the plaintiffs are entitled to exercise all the rights of owners, and to have the same transferred to their names, and to collect the amount due upon them. It would be a curious state of the law, if a man could give notice to a debtor not to pay an obligation which was held as a pledge, the pledgeor having fled from the country; that because the pledgeor could not be served with process, the pledgee would be remediless and unable to enforce any of his rights as pledgee. We do not think that any such state of affairs exists.

The objection that there has been a misjoinder of causes of action was disposed of upon the former appeal, and need not be again discussed. It would seem, therefore, that the various grounds upon which it is sought to sustain the demurrer, are not tenable, and the judgment appealed from must be affirmed, with costs. All concur.