(21 Misc. Rep. 298.)

THOMPSON v. FOX et al.

(Supreme Court, Appellate Term.  October 1, 1897.)

1. LANDLORD AND TENANT—USE AND OCCUPATION.
   An action for use and occupation, under 2 Rev. St. (9th Ed.) p. 1821, § 26, now Real Property Law, § 190, is founded on the conventional relation of landlord and tenant.

2. TRESPASS—WHEN LIES.
   An action in trespass lies against one who occupies the real property of another without permission.

3. PLEADING—DEMURRER—FORMAL DEFECTS.
   A demurrer on the ground that the complaint "does not state facts sufficient to constitute a cause of action" goes merely to defects of substance, and not to form, and lies only when no cause of action whatever is alleged.

4. SAME—TRESPASS—DAMAGES.
   A general demurrer to a complaint in tort for trespass does not admit the quantum of damages alleged.

5. SAME—ASSESSMENT OF DAMAGES.
   Where, in an action of tort for trespass, the defendant makes default, the damages must be determined as prescribed in Code Civ. Proc. § 1215.

Appeal from city court of New York, general term.

Action by Mary E. Thompson against Edward B. Fox and others. From a judgment of the general term of the city court (45 N. Y. Supp. 1046) affirming a final judgment directed at special term on an issue of law, defendants appeal.    Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Oscar Richter and Henry Cooper, for appellants.
Thomas F. Byrne, for respondent.

McADAM, J.   The defendants having declined to avail themselves of the liberty to answer, given by the order overruling their demurrer, final judgment went against them, from which this appeal is taken.

The demurrer was upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The second paragraph of the complaint alleges:

"That this plaintiff, during the time herein mentioned, as tenant of the superior landlord, was in possession of the store and its appurtenances at number 947 Broadway, in said city of New York, and let part thereof to the above-named defendants by a lease in writing, at an agreed rent, and the defendants entered upon the possession of such part of said premises, and occupied the same thereafter, and paid the said agreed rent."

The third paragraph alleges:

"That beyond the parts of said store let to the defendants by lease in writing, the defendants entered upon and took possession of the following parts and

appurtenances of said store premises, for use in the business carried on by them during the following periods, which parts and appurtenances, and the possession thereof, were reasonably worth and of the value of the following sums, viz.: The front part of the window on the Fifth avenue side of said store, for the period of six months, from July to December, 1895, inclusive, of the value of $50 per month, or $300 in all; and sign room and hanging outside at the Fifth Avenue window of said store premises for four months, from September to December, 1895, inclusive, of the value of $25 per month, or $100 in all; and the northerly half of the Broadway window of said store, and certain counter room and show case to the west of the storeroom occupied by them under the written lease, for two months, November and December, 1895, of the value of $125 per month, $250 in all; and took possession of and used in said premises certain fixtures, mirror, and show case for the period of about three months, which use and possession was of the value of $100."

The complaint does not set forth a cause of action for "use and occupation." The second paragraph furnishes no aid to the third, because it affirmatively appears that the rent reserved by the lease referred to in the second paragraph has been fully paid, and the lease does not embrace the locus in quo.

The gravamen of the complaint is trespass,—that the defendants, without right, took possession of, and wrongfully used, certain parts of the store premises not covered by their demise, and respecting which they were not tenants. The statute provides that "any landlord may recover, in an action on the case, a reasonable satisfaction for the use and occupation of any lands or tenements by any person under any agreement not made by deed," etc. 2 Rev. St. (9th Ed.) p. 1821, § 26. Such action is founded on the conventional relation of landlord and tenant (1 Cow. Treat. § 335; Hurd v. Miller, 2 Hilt. 540; Thompson v. Bower, 60 Barb. 463, and kindred cases); and, while an express agreement or a specified rental need not be shown, the authorities agree that, in the absence of such proof, the circumstances must be sufficiently strong to raise the inference that the parties intended to enter into the conventional relation respecting the particular property for the use and occupation of which compensation is claimed (Preston v. Hawley, 101 N. Y. 586, 5 N. E. 770; Collyer v. Collyer, 113 N. Y. 446, 21 N. E. 114; Lamb v. Lamb, 146 N. Y. 323, 41 N. E. 26). No such relation, either by agreement or implication, is shown in this case. The facts negative any such state of affairs. The defendants hired a particular space in the plaintiff's store, for which they agreed to and did pay a specified rental. They wrongfully took possession of more than they contracted for, and refused to recognize any right to demand compensation for the use. Such possession was outside of, and contrary to, the contractual understanding. There is no allegation in the complaint that such occupation was by the plaintiff's permission, and the facts indicate that it was without it.

In order to hold the defendants for use and occupation, it should have affirmatively appeared that the original entry upon the premises not covered by the demise was under and by virtue of the plaintiff's permission, or that a permission subsequently expressed was accepted or recognized by the defendants, so as to show that they consented to hold under her, and in subordination to her title. 1 Wood, Landl. & Ten. (2d Ed.) p. 2. "Permission given by the owner

to one in possession tortiously will not convert his occupancy into a tenancy, unless he accepts such permission, and holds in pursuance of it." Id. p. 16. The mere ownership of land by one, and its occupation by another, do not necessarily imply that the relation of landlord and tenant exists between the parties, for the mutual consent of their minds to enter into such relation is absent, and without this union there can be no agreement. White v. Corlies, 46 N. Y. 467; 1 Pars. Cont. (6th Ed.) 475. One who is ab initio a trespasser cannot be made a tenant against his will by the mere election of a person claiming title, for the conventional relation is founded only on mutual consent.

The action has been treated throughout, both by the plaintiff and the court below, as one for use and occupation, and the substantial sum of $803.75 awarded to the plaintiff on the sole theory of an implied agreement to pay. The pleader evidently prepared the complaint with the design of avoiding the real grievance,—trespass quare clausum fregit,—making the action resemble, as far as the facts permitted, one founded on an implied agreement creating the conventional relation of landlord and tenant. With remedies so inconsistent, it is not surprising that the pleading cannot be commended as a precedent for either cause. The plaintiff succeeded in the court below by disclaiming trespass, and has not upon the appeal urged the sufficiency of the pleading as one in that form. If the complaint is sustained, as it may be, by treating it as one in trespass, the defendants, under the circumstances, ought to have their day in court to meet this new phase of the controversy. If the pleading states such a cause of action, and we think it does, it is not demurrable, whatever the damages ultimately recoverable may be. The general demurrer interposed goes merely to defects of substance, and not to form, and lies only when no cause of action whatever is alleged. 2 Wait, Prac. 452, 453; Otis v. Seligman, 67 How. Prac. 101; Johnson v. Girdwood, 7 Misc. Rep. 651, 28 N. Y. Supp. 151, affirmed 143 N. Y. 660, 39 N. E. 21; Wetmore v. Porter, 92 N. Y. 76; Mitchell v. Thorne, 134 N. Y. 542, 32 N. E. 10; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. Regarding the complaint as in tort for trespass, the demurrer did not admit the quantum of damages alleged (6 Enc. Pl. & Prac. 336, note), for these could be liquidated only by assessment according to prescribed practice (Code Civ. Proc. § 1215).

The judgment must be modified, and without costs either below or in this court, by reversing that portion thereof which awards a recovery for the amount demanded in the complaint, with a direction that the damages be assessed according to the prevailing practice in cases of trespass, with leave, however, to the defendants to withdraw their demurrer, and answer over on payment, within 10 days, of $20 costs. All concur.