## DONNELLY v. LAMBERT.

(Supreme Court, Appellate Division, First Department. June 14, 1901.)

PLEADING—COMPLAINT—CAUSES OF ACTION—IMPROPER JOINDER.

In an action against defendant individually and as executrix and trustee, plaintiff alleged that defendant was the executrix of an estate, and also trustee of certain realty, as to which she was to collect the rents, and pay them to plaintiff; that such rents had not been accounted for; and that he had been induced, by defendant's false representations as to the rents collected, to execute a mortgage to repay a sum alleged by defendant to have been paid by her in satisfying certain liens on the property. Judgment was demanded for the rents, and that plaintiff be

adjudged to be the rightful owner of the mortgage. *Held*, that a demurrer on the ground that there were two or more causes of action stated was bad, since only one cause of action—that for an accounting—was stated.

Appeal from special term, New York county.

Suit by Richard Donnelly, individually and as administrator of Margaret Donnelly, deceased, against Hannah Lambert, individually and as executrix and trustee of Richard Donnelly, deceased. From a judgment in favor of defendant, plaintiff appeals. Reversed.

The plaintiff, in his own behalf and as administrator of his sister, brings suit against the defendant individually and as executrix and trustee under the will of his father, to obtain an accounting of the estate of Richard Donnelly, deceased. The judgment demanded is for rents and profits thereof, and that the plaintiff may be adjudged to be the rightful owner of a certain mortgage, which, as he alleges, upon misrepresentations of the defendant as to the condition of the estate, he executed on his share for her benefit. It is alleged that by the will of the elder Richard Donnelly, probated April 30, 1883, the defendant was made his executrix, and was also made trustee of certain real property, as to which she was to collect rents and profits, and pay the same over to the testator's two children,—the plaintiff herein and his sister, Margaret, who died August 15, 1886. The complaint further alleges that ever since the death of the testator, and until March, 1898, the defendant was in possession and control of the property, and has never up to the present time accounted in any manner for the moneys to the plaintiff, nor paid over the proceeds arising from the trust by reason of which there is a large sum due the plaintiff; that in April, 1887, the defendant satisfied a certain mortgage for $600, which was outstanding against the estate, and, "by representing to the plaintiff that the rents and profits collected by her since the death of Richard Donnelly, the elder, from the said premises, were insufficient to satisfy said mortgage, and that there were certain other expenses and liens upon the said property, and that in all she, the defendant, was obliged to advance the sum of $1,200 upon the said property out of her own estate, and without rendering an account to the plaintiff, induced the plaintiff to execute to her a mortgage upon the said property for the sum of $1,200." The complaint further stated that "the plaintiff has since been informed, and verily believes, that the defendant's said representations were false; that the value of the rents, profits, and income * * * were sufficient, or nearly sufficient, to pay the amount due upon the former outstanding mortgage; * * * and that there were no other expenses, liens, or incumbrances upon the said property; and that the plaintiff, having full faith and confidence in the said representations of his said trustee, Hannah Lambert, was misled thereby to his damage." Since March, 1898, the plaintiff has assumed possession and control of the premises referred to with the acquiescence of the trustee. To this complaint the defendant individually demurred upon the ground that two causes of action—one on contract, to compel an executrix and trustee to account; and one in tort, to declare the defendant individually a trustee ex maleficio because of an alleged fraud— have been improperly united; because the cause of action against the executrix and trustee does not affect the individual defendant, and vice versa; and because there were not sufficient facts stated to constitute a cause of action.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

J. Noble Hayes, for appellant.
Henry A. Forster, for respondent.

O'BRIEN, J. If the learned judge at special term was right in his reading of the complaint,—that it therein appeared that there were

two causes of action set forth,—a serious question would be presented, as to whether, either under section 484 or section 1815 of the Code of Civil Procedure, such causes could be united in the same complaint. As we read the pleading, however, there is but one cause of action stated, and that for an accounting; and the whole argument of the respondent appears to us to proceed upon a confusion of remedies or grounds of relief with causes of action. Here, as alleged, the administration of an estate was confided to the defendant as executrix, and in the course of such administration, under representations as to the condition of the estate, she secured an advantage to herself individually by means of a mortgage, which transaction, in order that complete relief may be obtained on the accounting, it is necessary to have investigated. In addition to this transaction, there might have been many more; and it would be a perversion in terms to assert that, with respect to the remedy or relief to be afforded as to each of these transactions upon an accounting, the complaint should be regarded as setting forth so many causes of action. It is proper, in a suit in equity for an accounting, to bring in all the parties to be affected thereby, and to set forth such facts germane to the accounting as will give to the plaintiff in such an action adequate and complete relief; and a complaint which includes such parties and transactions is not open to demurrer upon the ground of improper joinder of parties or of causes of action. This view finds support in the case of Garner v. Harmony Mills, 6 Abb. N. C. 212, wherein it was said:

"The one subject-matter of the action is the trust, and the cause of action the several violations and misappropriations of which it has been the subject. The object of the suit is a legitimate one, and peculiarly appeals to a court of equity to accomplish its purpose. * * * It is clear that the plaintiffs are entitled to the protection and relief of the court. The only question here is whether they must seek it by separate suits against each of the individuals implicated in the transactions, or whether they are at liberty to bring them all into court in one suit. The complaint recites but one connected history of the trust fund. The question is whether the several matters charged are so distinct and unconnected as to render the joining of them in one bill a ground of demurrer. * * * The objection is based upon the fallacy of supposing that the cause of action is the trust fund, whereas, the cause of action, as before stated, being the violations and misappropriations of the trust, it is plain that these causes arise out of transactions connected with the same subject-matter of action, which is the trust itself. The error consists, I think, in not clearly distinguishing the question of proper or necessary parties to a suit in equity from the question of misjoinder of causes of action, and of confounding the distinct prayers for relief with distinct causes of action. An attentive reading of the different branches of the prayer for judgment and the nine supposed different causes of action specified in the demurrer will show that the real grounds of demurrer are founded upon the several grounds for relief. The latter may be wholly omitted in the complaint, yet the plaintiff would be entitled to such relief as he could establish upon proper proof of alleged facts. The prayer for judgment is not demurrable."

And in Day v. Stone, 15 Abb. Prac. (N. S.) 137, it was held (headnote):

"In the complaint in an action against the administrator of a deceased agent to compel an accounting, the plaintiff may ask judgment against the administrator individually for the payment of moneys and the delivery of

books and specific property belonging to the plaintiff which came to the deceased as such agent, and which the defendant has possession of and refuses to deliver. This is not joining two causes of action."

See, also, Newcombe v. Lottimer (Sup.) 12 N. Y. Supp. 381; Price v. Brown, 10 Abb. N. C. 67.

This complaint affords a striking illustration of what would be the result were the rule otherwise. Here it is alleged that the executrix and trustee in the administration of the estate induced the plaintiff to mortgage his interest therein upon a false representation as to the condition of such estate, and the necessity of securing her if the estate was to be preserved. This representation consisted of the statement that the income was insufficient to pay the debts and charges existing, and which the defendant was herself willing to assume and pay provided that the plaintiff, to the extent of such advances, would secure her by a mortgage in the amount specified, which mortgage the plaintiff gave. If, in a separate action, he had undertaken to have the mortgage set aside as fraudulent, the determination of that question would necessarily involve an accounting of the estate, without which it could not be determined whether the representations were or were not true; so that, to obtain relief in that direction, an accounting would be required. If, for such a purpose, a suit in equity were brought against the defendant individually to cancel or set aside the mortgage, and as incidental thereto an accounting was demanded from her as executrix and trustee, it would be clearly maintainable, and not demurrable upon the ground of the uniting of two inconsistent causes of action; and yet, if the defendant is right in her contention, there would be the same objection to such a complaint as is now made to the one before us. We think, with but an amplification which is justified by the character of the relief sought, that what the plaintiff here seeks to obtain is not an accounting which shall afford relief with respect to the mortgage transaction alone, but which will cover the entire trust period during which the defendant has managed the estate; and that, among the other relief sought, is set aside so much of the benefits of the mortgage obtained as the defendant is not justly or equitably entitled to have. As we read the complaint, it is simply one for an accounting; and, if every transaction arising in connection with the administration of the estate for which the accounting is asked is to be regarded as a separate cause of action, then it would be difficult, if not impossible, to ever maintain such an action in equity, because it would always happen, with regard to the transactions themselves, that some would partake of the nature of contract and others of the nature of tort. The controlling idea in the court below seems to have been the separate identity of the defendant as an individual and as trustee; but, although this is legally true, it is not a reason for concluding that two causes of action are stated against the defendant in different capacities, because what is sought is not to maintain against her a separate action in each capacity, but a single action, in which relief shall be accorded against her in both capacities. Were we to assume that, instead of having the mortgage made to herself, she had, in collu-

sion with another, fraudulently obtained the mortgage, would it not have been entirely proper in an action for an accounting, wherein the subject of the giving and of the validity of the mortgage would be involved, to vouch in the mortgagee in the accounting action, to the end that the plaintiff might obtain complete relief? The distinctions between actions at law and suits in equity have so frequently been pointed out that it is unnecessary to restate them beyond saying that in the latter, particularly where questions of trust or fiduciary relations are involved, and where an accounting is asked for, it is competent to bring in all those who may be interested in the judgment, or whose presence in the suit is necessary for the relief sought.

Having reached the conclusion that there is but one cause of action stated, and that for an accounting, it follows that the demurrer, which is based upon the theory that there are two or more causes of action stated, is bad; and the interlocutory judgment should, accordingly, be reversed, with costs, and the demurrer overruled, with costs, but with leave to the defendant to answer over on payment of costs in this court and the court below. All concur.

---

### JAMAICA SAV. BANK v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

Appeal from trial term, Queens county.