MOORE, Respondent, v. CLEARY, Appellant. (Supreme Court, General Term, Third Department. December 3, 1895.) Action by Mary A. Moore against James Cleary, administrator. No opinion. Judgment affirmed, with costs.

MOORE, Respondent, v. LONG ISLAND EXP. CO., Appellant. (Common Pleas of New York City and County, General Term. December 23, 1895.) Action by John Moore against the Long Island Express Company. William J. Kelly, for appellant. A. Bell Malcolmson, for respondent.

PER CURIAM. The plaintiff, a shipper of goods concededly lost when in the custody of the defendant carrier, brought suit for their reasonable value, and recovered $50, the amount of the defendant's liability as limited by the shipping receipt. True, as claimed by the appellant, a payment had been made to the plaintiff's wife, but upon the facts disclosed by the record we cannot hold that this affected the plaintiff's cause of action. As to attendant details of the transaction there was a fair conflict of evidence, not unreasonably resolved in favor of the respondent, and the damages in suit were sufficiently proven by affidavits as to the value of the chattels, which documents were further entitled to credit under the plaintiff's sworn statement as to their truth in open court. The judgment is to be affirmed, with costs.

MOORE, Respondent, v. NORTON, Appellant. (Superior Court of Buffalo, General Term. July, 1895.) Action by Jerome S. Moore against Albert E. Norton. No opinion. Judgment of the municipal court affirmed, with costs.

MOST v. McARDLE. (Superior Court of New York City, General Term. December 18, 1895.) Action by Albert Most against John McArdle. R. J. Mahon, for plaintiff. R. M. Williams, for defendant.

GILDERSLEEVE, J. This appeal is from a judgment rendered at special term, dismissing the complaint on the merits. The action was brought in equity for a rescission of a settlement of indebtedness owing by respondent to appellant upon the ground of fraud, alleged to have been perpetrated by the respondent in procuring the settlement. A careful examination of the record fails to disclose any errors of law. The conclusions of fact reached by the learned trial judge are fully supported by the evidence, and the judgment should not be disturbed. Judgment affirmed, with costs to respondent.

MURPHY, Appellant, v. SCHNITZSPAN et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 21, 1896.) Action by Edward C. Murphy against William Schnitzspan and others. No opinion. Order affirmed with $10 costs and disbursements, on opinion in Petterson v. Van Wart, 36 N. Y. Supp. 1009. All concur. For decision of special term, see 36 N. Y. Supp. 1013.

NASH et al., Appellants, v. HALL SIGNAL CO. et al., Respondents. (Supreme Court, General Term, First Department. December 18, 1895.) Action by Abbie S. Nash and others against Hall Signal Company and others. No opinion. Motion granted. See 32 N. Y. Supp. 701, 35 N. Y. Supp. 940.

NEW BRITAIN HARDWARE MANUF'G CO., Respondent, v. BUFFALO WHEEL CO., Appellant. (Superior Court of Buffalo, General Term. December 23, 1895.) Action by the New Britain Hardware Manufacturing Company against the Buffalo Wheel Company. No opinion. Judgment and order appealed from affirmed, with costs. TITUS, C. J., did not sit in this case.

NICHOLS, Appellant, v. GRANT, Respondent. (Supreme Court, Appellate Division, First Department. January 24, 1896.) Action by Henry Nichols against Hugh J. Grant. L. Wertheimer, for appellant. W. F. Severance, for respondent. No opinion. Order affirmed, with costs.

NOYAC COTTAGE ASS'N v. WHITESIDE. SAME v. ATWATER. SAME v. WHITNEY. (Supreme Court, General Term, Second Department. December 2, 1895.) Actions by the Noyac Cottage Association against Newton E. Whiteside, Henry G. Atwater, and Lucius J. Whitney. No opinion. Exceptions overruled, and judgment ordered on the verdicts with costs. All concur.

NOYAC COTTAGE ASS'N v. ATWATER. (Supreme Court, General Term, Second Department. December 27, 1895.) Action by the Noyac Cottage Association against one Atwater. No opinion. Motion to resettle order denied, without costs. See ubi supra.

NOYAC COTTAGE ASS'N v. WHITESIDE. (Supreme Court, General Term, Second Department. December 27, 1895.) Action by the Noyac Cottage Association against one Whiteside. No opinion. Motion to resettle order denied, without costs. See ubi supra.

NOYAC COTTAGE ASS'N v. WHITNEY. (Supreme Court, General Term, Second Department. December 27, 1895.) Action by the Noyac Cottage Association against one Whitney. No opinion. Motion to resettle order denied, without costs. See ubi supra.

OTTEN v. MANHATTAN RY. CO. RECKE v. SAME. BAMBERGER v. SAME. (Superior Court of New York City, General Term. December 18, 1895.) Action by one Otten, one Recke, and one Bamberger against Manhattan Railway Company. No opinion. Defendant's motions to strike cases from the calendar and for judgment, etc., denied, without costs, with leave to renew in the first case on the next motion day of the appellate division, and in the other two when the stay as to them is vacated.

PARSONS v. PARKER. (Supreme Court, General Term, Second Department. December 2, 1895.) Action by Fannie G. Parsons against