## THE PRESIDENT, DIRECTORS AND COMPANY OF BANK OF MUTUAL REDEMPTION, *in Equity*, v. OLIVER HILL *& als.*, DIRECTORS OF SANFORD BANK.

By R. S., c. 47, §§ 43 and 47, a creditor of a bank who has suffered a loss described in § 43, may maintain a bill in equity against those directors through whose official mismanagement it occurred.

Directors are personally responsible for the official mismanagement only which occurred during the year for which they were chosen, and during which they acted.

Directors are personally answerable for ordinary neglect in their official business.

One board of directors cannot be answerable for renewals of worthless paper discounted by a previous board.

BILL IN EQUITY, brought in the name of the President, Directors and Company of the Bank of Mutual Redemption, in Boston, against certain persons named, directors of the Sanford Bank, in 1861.

The bill was brought as well in behalf of all the creditors of the Sanford Bank therein named, who might come in and desire to be made parties complainant, as well as in behalf of the complainants; and alleged substantially that, by an Act of the Legislature of this State, approved March 23, 1854, certain persons [named] were chartered as a banking corporation, by the name of the President, Directors and Company of the Mousam River Bank, at Sanford, with a capital of $50,000; that said corporators duly accepted and organized under their charter; and that, by a subsequent Act of the Legislature, approved April 9, 1857, the name of the corporation was changed to President, Directors and Company of the Sanford Bank.

That said bank having become insolvent, upon application of the bank commissioners to Judge GOODENOW, of the S. J. Court, an injunction was granted against it, on May 17, 1861; that, on the following day, the injunction was made perpetual and served upon the bank; and that, on May 21, certain persons [named] were appointed and qualified as receivers.

That the receivers, in accordance with the statute and orders of this Court, collected the debts due to the bank, disposed of its assets, allowed the claims against the bank, and made their reports to the Court, whereby it appeared that the amount of claims allowed against the bank, as still due and unpaid, were $11,213,01. [The amounts claimed,— the amounts allowed, including that of $6890,51, allowed to the Bank of Mutual Redemption, were duly set out in detail.] That all the assets were $2068,71; that the assets were insufficient to pay the claims allowed against the bank by $9144,31, which reports were duly accepted by the Court at the January term, 1864, and the Court adjudged that the assets were insufficient to pay the claims against the bank.

That, by said reports, the plaintiffs were declared to be, and by said decree adjudged to be, and that they still were, creditors of said bank to the amount named.

That, on or before May 8, 1861, by the official mismanagement of the directors of said Sanford Bank, nearly the whole amount of the capital stock thereof, viz., $45,000, was lost, so that the assets of said bank were wholly insufficient to pay the creditors; that the directors, by whose official mismanagement the loss was sustained, were Oliver Hill, S. B. Emery, W. L. Emery, Justin B. Merrill, and Samuel Thompson.

That the complainants charge these directors with being guilty of the following acts of official mismanagement, viz., " That they loaned the capital stock and funds of the bank to persons known to them to be pecuniarily irresponsible, and upon promissory notes and bills of exchange, the parties to which they knew were pecuniarily irresponsible, and which

notes and bills of exchange have not been paid, and are of no value, and which, together with the times when they were discounted, are more particularly described in the schedule annexed ; that these directors knowingly permitted promissory notes and bills of exchange belonging to the bank, and the parties to which were pecuniarily responsible for the payment of the same, to be exchanged for bills and notes, the parties to which were irresponsible, which last named bills and notes and times when thus exchanged are particularly described in the schedule annexed ;" that these directors loaned and invested the funds of the bank in notes and bills at certain times in 1861, (and particularized in the schedule annexed,) when they knew the parties thereto were not responsible, and received as collateral security a pledge of the shares in the capital stock of the bank, knowing said shares were of little or no value and afforded no adequate security for the loans ; that these directors delivered to responsible parties to bills and notes belonging to the bank their paper, receiving therefor valueless certificates of this bank stock.

That these directors loaned the funds of the bank in violation of law and thereby its stock was lost.

That these directors were guilty of official gross mismanagement in loaning the bank funds in 1861, upon certain irresponsible paper, described, without making any inquiry as to its responsibility, when they could have easily learned of its irresponsibility upon inquiry, which paper was worthless and never paid ; that they knowingly and negligently so managed in relation to investments and loans of the same that the capital stock was lost, &c.

All the parties defendant demurred, which demurrers were joined.

All of the defendants, except Hill, answered, denying all official mismanagement, &c.

Justin B. Merrill denied having accepted office of director or having acted as such.

The proofs sufficiently appear in the opinion.

*Dane & Bourne,* for the complainants.

*Howard & Cleaves,* for the respondents.

APPLETON, C. J. — By R. S., 1857, c. 47, § 43, "those directors, by whose official mismanagement a loss or deficiency of capital stock occurs, shall be liable therefor in their individual capacity," &c.

By § 47, "a creditor of a bank suffering loss as described in section forty-three, or a holder of unredeemed bills, as described in section forty-six, * * may avail himself of the liability of the directors and stockholders, as described in said sections, by a bill in equity."

By section 76, it is provided that the liability of directors and stockholders shall not be increased nor diminished by the other sections of c. 47 than those above recited.

There is no question that the plaintiffs were creditors of the Sanford Bank for $6890,51.

The respondents were chosen directors for the year 1861. Of those so chosen, Justin B. Merrill has not acted as such director, and is not responsible for the mismanagement of the bank.

Oliver Hill has not answered, and as to him the bill is to be taken *pro confesso.*

The statute makes the directors liable for "official mismanagement." The persons who become directors of a corporation, place themselves in the situation of trustees. "In the civil law," observes McCoun, V. C., in *Scott v. Depeyster,* 1 Edwards' Ch. R., 547, "a rule prevails, which, I think, may, with great propriety, be applied here. It is this, that 'those who are named by companies and corporations, to have the direction of their affairs, are obliged to take the same care and diligence as factors or agents. They are answerable, not only for any fraud and gross negligence which they may be guilty of, but also for all faults that are contrary to the care required of them.' Domat, 132, tit. 3, § 2. * * The rule there is, that they must answer for ordinary neglect; and ordinary neglect is understood to be the

omission of that care which every man of common prudence takes of his own concerns."

From an examination of the evidence, which is very voluminous, it fully appears that the directors discounted on a pledge of stock, — against the provisions of section 14; and that they loaned upon names utterly irresponsible, — as upon those of day laborers and clerks, — persons bankrupt in property. Indeed, it is difficult to imagine a more worthless set of notes and drafts, or a more uniform, continued, and flagrant disregard of the statutes of the State, and of the principles of common prudence than these directors have shown in the management of the bank. If they knew the character of the paper discounted, and its utter worthlessness, they were guilty of gross fraud upon the stockholders in discounting such paper. If they did not know its character, they were guilty of gross neglect in not making the inquiries, which they were bound officially to make.

But the directors for the year are only responsible for the official mismanagement occurring during the year for which they were so chosen. They cannot be liable for the mismanagement of the directors of a preceding year. It follows, from this, that when the discounts are but the renewals of those of preceding years, that, if the notes or bills renewed were entirely worthless, their renewal could not have been productive of loss to the bank. But a careful examination of the discounts shows that the directors are responsible for an amount exceeding the plaintiffs' claim.

*Bill sustained as against all but Justin B. Merrill,*
*who is entitled to his costs, and a decree must*
*be entered against the other respondents.*

WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.

KENT, J., concurred in the result.