THE EMPIRE STATE SAVINGS BANK of Buffalo, Respondent, *v.* DANIEL C. BEARD and Others, Appellants.

*The liabilities imposed by chapter 409 of 1882 unimpaired by its repeal — duties and liabilities of trustees of an incorporated savings bank — equitable action by a stockholder — relations between a corporation, its directors and stockholders — parties to equity actions — the representatives of a deceased party may be brought in — misnomer of a corporation by itself in a summons and complaint — the remedy is not by demurrer, but by a motion for correction.*

The repeal of chapter 409 of the Laws of 1882 by chapter 689 of the Laws of 1892 did not impair any liability existing under the repealed act prior to and at the time the act of 1892 took effect.

When the management of the business of an incorporated savings bank is placed under the control of a board of trustees, the trustees, although their duties are not specifically defined by the statute, under which the business of the bank is operated, are bound to exercise such care as the nature of the supervision fairly requires, and are negligent if they fail to do so.

To entitle a party to equitable relief his complaint must state facts, by way of a cause of action, which permit the granting of such relief; actions against trustees as such are of equitable cognizance.

The directors of a corporation are vested with no title to the corporate property; they have legal privity with the corporation only; and for the consequences of

their malfeasance or want of due care their liability is to it, and it is only on the refusal of a corporation to sue that a stockholder thereof, by virtue of his equitable interest, may do so on behalf of the corporation for the ultimate benefit of himself and other stockholders, making the corporation a party defendant; and then the action must necessarily be in equity.

While the directors of a corporation may be treated as the agents thereof, they may, upon authority, be deemed to have in some sense the relation of trustees.

The right of action of a corporation, against its directors, in equity, is recognized, for the loss of the corporate property occasioned by the breach of their fiduciary obligations, whether arising from their malfeasance or from their culpable want of care, and for the purpose of an equitable remedy no distinction is observed between the relation of the corporation and that of its corporators to the directors.

As between the directors and stockholders, a trust relation exists, and the position of the latter is that of *cestui que trust*, and it may be that the corporation is, for the purposes of such remedy, to be treated in like manner, by reason of its fiduciary relation to the stockholders or depositors, and in view of their equitable interests in the subject-matter of, and the relief sought in, such cases.

An action brought by an incorporated savings bank against its directors, to recover for the benefit of its depositors and creditors the corporate funds alleged to have been lost through the negligence of the defendants, is a proper one for equitable cognizance, if brought to avoid a multiplicity of suits and to apportion between the defendants, as their respective liabilities may appear, the burden of such reimbursement as the plaintiff may be entitled to.

It is the general rule in equity actions that all persons within the jurisdiction of the court, whose presence is necessary to the determination of the interests involved in the matters alleged in the complaint, must be made parties, so that a complete judgment in that respect may be the result, and this includes the representatives of such of the persons as are dead.

The omission to include as a party a person who should be one is not necessarily a cause for the dismissal of the complaint; the plaintiff will be permitted to bring him in, and if he fails to do so the court in its discretion may dismiss the complaint.

In an action brought by an incorporated savings bank against its directors, one of its directors, who was originally made a party defendant, thereafter died, and his name for that reason was omitted from the amended complaint.

*Held,* that, where it did not appear that he had any personal representatives, the case came within the provision of the statute (Code Civ. Proc. § 758) to the effect that if one of two or more parties to an action died it may proceed in favor of or against the survivors, and that the court might make an order to bring in the representatives of the deceased party.

The fact that a corporation, the plaintiff in an action, has misnamed itself in the summons and complaint, is no effectual ground of demurrer to the complaint; the error is merely formal and amendable, and the remedy for correction is by motion.

# 186 EMPIRE STATE SAVINGS BANK v. BEARD.

APPEAL by the defendants, Daniel C. Beard and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 29th day of November, 1893, upon the decision of the court rendered after a trial at the Erie Special Term overruling the defendants' demurrer to the amended complaint, and also from an order made at the Erie Special Term and entered in said clerk's office on the 29th day of November, 1893, directing the entry of the said interlocutory judgment.

The plaintiff by the complaint alleges that the National Savings Bank of Buffalo was incorporated by chapter 777 of the Laws of 1867, as amended by chapter 644 of Laws of 1868; that its name was afterwards, in 1892, changed to that of the plaintiff; that the defendants Beard and Ferris have been trustees of the corporation since 1867; that the other defendants became such trustees as follows: Enos in 1876, Goemble in 1877, John Wilkeson, Trott and French in 1878, Burrows in 1882, Berrick in 1884, Harvey in 1887, Pratt in 1888, Potter, Otis and Gowans in 1891.

That Edward S. Dann became trustee in 1889, and that he and all of said defendants remained trustees of the corporation until the 12th day of July, 1892; that Dann was its secretary and treasurer from January 1, 1878, to July 12, 1892.

That during the period of fourteen years, from in 1878 to in 1892, the said secretary and treasurer, Dann, the teller and bookkeeper, William M. McCredie, and the bookkeeper, Charles J. Armstrong, abstracted and appropriated to their own use moneys of the corporation amounting to $435,000.

That those persons while in the employment of the corporation were permitted to so abstract and appropriate its money and avoid discovery of their peculations by means of inattention and negligence of the defendants as such trustees, and that for the want of care on their part such embezzlement of its money was unknown to the plaintiff until in July, 1892, when it was discovered by the examiners, who, under the direction of the State Superintendent of Banks, examined the books, vouchers and papers of the corporation. Further facts are alleged in the complaint.

The relief demanded is that the plaintiff have judgment against

the defendants for the loss of money so abstracted, and that the amount of such loss be equitably apportioned among them.

The said Edward S. Dann was originally a party to this action, and was served with the summons. He thereafter died, and it did not appear that he had any personal representatives.

The appellants demurred to the complaint upon the grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action. (2) That the court has no jurisdiction of the subject of the action. (3) That there is a defect of parties defendant. (4) That the plaintiff has no legal capacity to sue. (5) That causes of action have been improperly united.

*John G. Milburn* and *E. C. Sprague*, for appellants Trott and Berrick and the executors of Wilkeson.

*Frank Brundage*, for appellants Beard, Otis and Potter.

*Frank C. Ferguson*, for appellant Ferris.

*Charles Daniels*, for the respondent.

BRADLEY, J. :

The act of 1867, by which the National Savings Bank of Buffalo was created, provided that the persons there named as trustees and their successors were constituted a body corporate and politic by that name; that its business should be managed by a board of trustees, fifteen of whom, including the president or one of the vice-presidents, should constitute a legal meeting for the transaction of business, and that the general business and object of the corporation should be to receive on deposit and invest such sums of money as might be offered therefor. By the general act of 1875 (Chap. 371) relating to savings banks it was provided that the number of trustees should not be less than thirteen. This act was superseded by chapter 409 of Laws of 1882, which was "An act to revise the statutes of this State relating to Banks, Banking and Trust Companies." This act so far as relates to savings banks is substantially the same as that of 1875, and it provided that the business of the corporation should be managed and directed by a board of trustees of not less than thirteen (§ 250); that the board of trustees should

have power from time to time to make such by-laws, rules and regulations as they should think proper for the election of officers, prescribing their powers and duties and the manner of discharging the same ; for the appointment of committees for certain purposes, and generally for transacting, managing and directing the affairs of the corporation (§ 251) ; that regular meetings of the board of trustees should be held as often as once in each month for the purpose of receiving reports of its officers and committees and for the transaction of other business, and a quorum to consist of not less than seven trustees (§ 252) ; that the corporation should on or before the first day of February and August in each year make a report to the Superintendent of the Bank Department, stating fully and specifically the situation, condition, affairs and transactions of the corporation particularly mentioned in the statute (§§ 270, 271, 272), and verified by the oath of the two principal officers (§ 273) ; that it should be the duty of the trustees by a committee of not less than three of such trustees on or before the first day of January and July in each year to thoroughly examine the books, vouchers and assets of the institution and its affairs generally, and that the statement or schedule of assets and liabilities reported to the Super-intendent of the Banking Department for the first of January and July in each year should be based upon such examination, and be verified by the oath of a majority of the trustees making such examination, and that it should be the duty of the trustees as often as once in each six months to cause an accurate balance to be taken of their depositors, ledgers, etc. (§ 279).

The provisions of this act, as had that of 1875, prescribed the rule for the existence of savings banks and the exercise of their powers. (*Van Dyke* v. *McQuade,* 86 N. Y. 38.) And although repealed by Laws of 1892 (Chap. 689, § 215) such repeal did not impair any liability existing prior to and at the time the latter act took effect. (Laws of 1892, chap. 677, § 31.)

It is, therefore, seen that the provisions of the act of 1882, during most of the time in question, prescribed a system for the management of the affairs and business of the corporation, and imposed upon the trustees certain duties to accomplish the purposes in view.

It is, however, urged on the part of the defendants that the

complaint contains no allegations of fact to charge them with liability for embezzlement of the funds of the institution.

There is no charge of malfeasance against them. The theory of the action is that the trustees, by the failure to perform the duties which they by their relation to the bank assumed or undertook to exercise, were chargeable with negligence and its consequences. When the statute placed the management and direction of the business of the bank under the control of the board of trustees it imposed upon them some duties in respect to it. All of those duties are not specifically defined by the statute. They are such as the nature of the supervision fairly requires. Negligence is dependent upon failure to exercise the care which persons are by their relation called upon to exercise, and that is more or less dependent upon circumstances.

In *Briggs* v. *Spaulding* (141 U. S. 132), which was an action against the directors of a National bank, it was held that they were required to exercise ordinary care and prudence, and if they did that they were not chargeable with negligence. And Mr. Chief Justice FULLER in the prevailing opinion said substantially that the degree of care which the defendants were bound to exercise is that which ordinarily diligent and prudent men would exercise under similar circumstances. " What may be negligence in one case may not be want of ordinary care in another, and the question of negligence is, therefore, ultimately a question of fact to be determined under all the circumstances."

In *Hun* v. *Cary* (82 N. Y. 65), in considering the subject of the measure of diligence required of trustees of a savings bank, Judge EARL, speaking for the court, said that they are not bound to exercise the highest degree of diligence nor is their duty discharged by slight care, but that they are to " exercise ordinary care and prudence in the trusts committed to them, the same degree of care and prudence that men prompted by self-interest generally exercise in their own affairs." (Pom. Eq. Juris. § 1070 ; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52.)

It is unnecessary for the purposes of the present case to extend the discussion of the subject of the degree of diligence required of trustees in such cases. The inquiry here is whether the complaint charges the defendants with negligence in the matters to which

their duties as trustees of the bank pertained, and if it contains the elements essential to a cause of action it will not be necessary on this review to proceed to consider the nature of the proof required to establish the liability of the trustees, or the difficulties the plaintiff may encounter in that respect.

A careful examination of the complaint leads us to the conclusion that facts constituting negligence on the part of the defendants are alleged as such in the complaint, and are sufficiently specific in view of the consequences charged to sustain the pleading in that respect.

It is urged on the part of the defendants that no duty is imposed upon the trustees individually, but as a board only, and as no charge is made against the board as such there is not necessarily any allegation of their failure to perform any duty devolved upon them. And in support of the proposition are cited *Franklin Fire Ins. Co.* v. *Jenkins* (3 Wend. 130) and *Gaffney* v. *Covill* (6 Hill, 567). In the former four of the sixteen directors of the company were charged with malfeasance in their office as directors in loaning its moneys on inadequate security. And upon demurrer the declaration was held bad because less than a majority of the directors acting as a board were incapable of performing any corporate act. There was no allegation that the defendants with others constituting a majority participated in making the alleged loan.

The *Gaffney* case was an action under the statute by a stockholder against a single director of a bank for damages resulting from the depreciation in value of his stock by making a dividend from the capital instead of from the surplus profits. The defendant's demurrer was held well taken to some of the counts of the declaration, because a single director could not make a dividend, and the plaintiff did not allege that the board of directors participated in the act complained of. In both of those cases it was held that the directors would be severally liable for like acts of the board of directors accomplished by their aid or participation.

In the present case the alleged negligence in office is charged against all the defendants as trustees of the bank, and it is founded upon their failure or omission to exercise the care which by the relation to it they assumed and were required to exercise in the management and conduct of its affairs. Their failure to properly act

and discharge their duties as a board, as well as their supineness as trustees, is one of the alleged causes of complaint against them. No discrimination is made by allegation between them. If they are entitled to any that question can be disposed of upon the evidence in case the defendants, by answer, tender issues of fact for trial.

The objection by the demurrer that the court has no jurisdiction of the subject of the action, is made upon the ground that the remedy for damages or losses occasioned by negligence is by action at law. The distinction between causes of action legal and equitable and their appropriate remedies is still to be observed. (*Peters* v. *Delaplaine*, 49 N. Y. 362, 371 ; *Stevens* v. *Mayor*, 84 id. 296.) It follows that to entitle a party to equitable relief his complaint must state facts, by way of the cause of action, which permit it. Actions against trustees, as such, are of equitable cognizance. But it is said that as between the directors of a corporation and them their relation is not that of trustees, but is that of agents. It is true that they are vested with no title to the corporate property. In Pomeroy's Equity Jurisprudence (§ 1089) it is said: "In fact, directors are clothed at the same time with a double character, that of *quasi* trustees and that of agents." In *Hun* v. *Cary* (82 N. Y. 65), which was an action by the receiver of a savings bank against its trustees for damages occasioned by their improvidence in the management of its affairs, the court, treating the defendants as agents of the bank, held that the action was properly tried as one at law by jury.

In *Ex parte Chippendale* (4 De G., M. & G. 52) Lord Justice TURNER said that "although directors undoubtedly stand in the position of agents, and cannot bind their companies beyond the limits of their authority, they also stand in some degree in the position of trustees. * * * There is no inconsistency in this double view of the position of directors." The views of judicial writers and courts have differed upon the subject whether the relation of the managers or directors of their corporations has the character of trustees in the sense applicable to that term, or is that of agents merely. It is quite evident that they have legal privity with the corporation only, and that for the consequences of their malfeasance or want of due care their liability is to it, and it is only on the refusal of the corporation to sue that a stockholder, by virtue of his equitable

interest, may do so in behalf of the corporation, and thus for the ultimate benefit of himself and other stockholders, making the corporation a party defendant, and not otherwise. And then the action must necessarily be in equity. (*Davenport* v. *Dows*, 18 Wall. 626; *Greaves* v. *Gouge*, 69 N. Y. 154; *Robinson* v. *Smith*, 3 Paige, 222; *Smith* v. *Hurd*, 12 Metc. 371, 384; *Craig* v. *Gregg*, 83 Penn. St. 19.)

While the directors may be treated as agents of the corporation they may, upon authority, be deemed to have in some sense the relation of trustees.

In *Poole, Jackson & Whyte's Case* (9 Ch. Div. 322; 26 Moak, 142) JESSEL, M. R., said: "It has always been held that the directors are trustees for the shareholders; that is, for the company. They are the managing partners of the company, and if they abuse their powers, which they hold in trust for the company, to the damage of the company for their own benefit, they are liable to make good the breach of trust to their *cestui que trust* like any other trustees." And in *Peabody* v. *Flint* (6 Allen, 52) it was said: " As between the corporation itself and its officers it was long since held that they were trustees, and that a court of equity would hold them responsible for every breach of trust."

It is in that view that a right of action by a corporation against its directors in equity has been recognized for loss of corporate property, occasioned by breach of their fiduciary obligations, whether arising from malfeasance or culpable want of care. And for the purpose of such equitable remedy no distinction seems to be observed between the relation of the corporation and its corporators to the directors. As between the directors and stockholders a trust relation exists, and that of the latter is deemed the relation of *cestui que trust*.

And it may be that the corporation is for the purposes of such remedy treated likewise by reason of its fiduciary relation to the stockholders or depositors and in view of their equitable interests in the subject-matter and relief sought in such cases. (Pom. Eq. Juris. §§ 1091, 1094; 1 Perry on Trusts [3d ed.], § 207; *Charitable Corporation* v. *Sutton*, 2 Atk. 405; 9 Mod. 349; *Joint Stock Discount Co.* v. *Brown*, L. R. [8 Eq.] 381; *Bank* v. *Hill*, 56 Maine, 385; 96 Am. Dec. 470; *Williams* v. *McKay*, 40 N. J. Eq. [13 Stew.]

189 ; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 58 ; 99 id. 193 ; 105 id. 567.)

It was held in *Overend, Gurney & Co.* v. *Gurney* (L. R. [4 Ch. App. Cas.] 701) that for a loss sustained by a corporation beyond the loss of its capital, in the absence of fraud, the only remedy, if any, was by action at law for negligence. In *Spering's Appeal* (71 Penn. St. 11) the form of remedy was not considered.

But the view taken of the present case renders it unnecessary to determine the question whether for the purposes of an action against directors for loss of corporate property occasioned by their negligence they may be treated as its trustees in the sense requisite to equitable cognizance upon that ground alone.

The plaintiff in the complaint alleges that on account of the different periods of time during which the defendants were trustees of the corporation, no adequate recovery of damages without a multiplicity of suits can be had to reimburse the losses of the corporation occasioned by reason of the matters charged against them ; that such losses can only be properly apportioned by an accounting, and that the object of the action is to apportion such losses justly and equitably among the defendants for the benefit of the depositors and creditors of the plaintiff.

The purpose of the action is to reimburse the plaintiff for losses suffered by it during the period of about fourteen years and occasioned by the alleged negligence of the defendants. Some only of them were trustees during the whole time ; others of them became such from time to time during that period. The cause of action arises out of the same relation of all the defendants to the plaintiff ; their alleged liability is of the same character, but the extent of it in amount may as between them be different, and it seems to be necessarily so. And the nature of their duties as trustees was such that to charge any one of them, the participation or implication of others of them may be necessary. It seems clear that the case as presented by the complaint is a proper one for equitable cognizance to avoid multiplicity of suits, and to apportion between the defendants, as their liabilities respectively may appear, the burden of such reimbursement as the plaintiff may be entitled to for the causes alleged. (*Brinkerhoff* v. *Brown,* 6 Johns. Ch. 139 ; *Brinckerhoff*

# 194 EMPIRE STATE SAVINGS BANK v. BEARD.

v. *Bostwick*, 105 N. Y. 567, 571; *New York & N. H. R. R. Co.*
v. *Schuyler*, 17 id. 592.)

It is insisted that there is a defect of parties because the personal
representatives of Edward S. Dann, deceased, are not made parties
defendant. He was a trustee and secretary and treasurer of the
plaintiff. It is the general rule in equity that all persons within the
jurisdiction of the court whose presence is necessary to the determi-
nation of the interests involved in the matters alleged, must be made
parties so that a complete judgment in that respect may be the
result, and this includes the representatives of such of the persons
as are dead. (2 Perry on Trusts, §§ 875, 878, 883; *Munch* .v.
*Cockerell*, 8 Sim. 219; *Green* v. *Milbank*, 3 Abb. N. C. 138.) The
omission to include a person as a party who should be one is not
necessarily a cause for dismissal of the complaint. The plaintiff
will be permitted to bring him in. If he fails to do so, the court in
its discretion may dismiss the complaint. (*Sherman* v. *Parish*, 53
N. Y. 483.)

There is no support for the demurrer on the ground of defect of
parties. Dann was originally made a party defendant. He has
since died and his name for that reason is omitted from the amended
complaint. It does not appear that he has any personal representa-
tives. The case comes within the provision of the statute to the
effect that if one of two or more parties to an action dies it may pro-
ceed in favor of or against the survivors, and the court may make an
order to bring in the representatives of the decedent. (Code Civ.
Proc. § 758.)

Upon the question of the legal capacity of the plaintiff to sue,
raised by the demurrer, it is said that there was, at the time the
change of the name of the corporation from that of the National
Savings Bank of Buffalo to that of the plaintiff is alleged to have
been made, no power in the court to make the change. The pro-
vision of chapter 518 of Laws of 1887, authorizing the court to
change the name of any bank, etc., was repealed by Laws of 1892
(Chap. 689, § 215), and our attention is called to no statute thereafter
existing which permitted such change by the court.

While it may be that the plaintiff has misnamed itself, that is no
effectual ground of demurrer.

The error is merely formal and amendable. The remedy for

correction is by motion. (*Bank of Havana* v. *Magee*, 20 N. Y. 355.)

The views already indicated are to the effect that there is no misjoinder of causes of action, and the conclusion follows that the judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Interlocutory judgment appealed from affirmed, with costs, with leave to the defendant to withdraw demurrer and answer over within twenty days on payment of the costs of the demurrer and of this appeal.