# 354     NASH v. HALL SIGNAL CO.

ABBIE S. NASH and Others, Appellants, *v.* THE HALL SIGNAL COM-
PANY, Respondent, Impleaded with Others.

*Corporation — right of a stockholder to sue for the torts of directors — non-residence,
not presumed — bona fide holding of stock, presumed — when a complaint is
multifarious — who may object.*

Where a corporation refuses to prosecute individual directors who are alleged to
have been guilty of an abuse of their trust, or of a misapplication of the funds
of the corporation, and such directors are still in control, stockholders are
entitled to sue for redress in their own name.

An objection taken by demurrer to the jurisdiction of the court based upon the
non-residence of the plaintiffs, is not tenable unless the fact of non-residence
appears upon the face of the complaint.

Where a demurrer is interposed to a complaint in an action brought by stock-
holders, who allege that the directors of a corporation have abused their trust
and misapplied the corporate funds, the court will presume that all the plain-
tiffs are *bona fide* holders of their stock; and where it does not appear affirma-
tively upon the face of the complaint that any one of the plaintiffs acquired
his stock subsequent to the transactions complained of, the court cannot regard
an allegation to that effect contained in one of the grounds of demurrer.

Where two causes of action are joined in the same complaint, a demurrer to the
complaint upon the ground that all of the defendants are not affected by
both causes of action will lie, even at the instance of a defendant who is so
affected.

If "A & B, directors in a corporation, waste its funds during one year, and
B and C, directors, by some act not connected with the first devastavit, waste
the corporate funds in another year, the three cannot be joined as defendants in
an equitable action brought by or in behalf of the corporation to compel them to
account for and pay the damages sustained by reason of these independent
wrongful acts."

A complaint so drawn is multifarious, within the meaning of subdivision 7 of
section 488 of the Code of Civil Procedure.

O'BRIEN, J., dissenting.

APPEAL by the plaintiffs, Abbie S. Nash and others, from an
interlocutory judgment of the Supreme Court in favor of the
defendant, The Hall Signal Company, entered in the office of the
clerk of the county of New York on the 3d day of July, 1895,
upon the decision of the court rendered after a trial at the New
York Special Term sustaining the said defendant's demurrer to the
complaint, with notice of an intention to bring up for review upon
such appeal an order entered in said clerk's office on the 24th day .

of June, 1895, sustaining the demurrer, and directing the entry of judgment.

*Austin Abbott,* for the appellants.

*Charles M. Earle, J. S. L'Amoreaux* and *Witter & Kenyon,* for the respondent.

FOLLETT, J. :

In case A and B, directors in a corporation, waste its funds during one year, and B and C, directors, by some act not connected with the first devastavit, waste its funds in another year, the three cannot be joined in an equitable action brought by or in behalf of the corporation to compel them to account for and pay the damages sustained by these independent, wrongful acts. Wasting the property of a corporation by its directors is a tort. A is not liable for the acts of B and C, and C is not liable for the acts of A and B, and these independent, tortious acts constitute distinct causes of action which cannot be united in one complaint.

The interlocutory judgment should be affirmed, with costs, on the opinion of LAWRENCE, J., at Special Term.

VAN BRUNT, P. J., concurred.

Judgment affirmed, with costs.

O'BRIEN, J. (dissenting):

Upon the authority of *Brinckerhoff* v. *Bostwick* (88 N. Y. 52) I think the action is maintainable. The suit is one brought by stockholders who, on behalf of the corporation, demand an accounting for property which has been taken, or allowed to be taken, from the corporation. The acts complained of, although happening at different periods of time, are but cumulative and constitute a single cause of action. It is true that certain of these defendants were not directors, but were transferees of the assets of the corporation; but their being made parties does not change the nature of the action, nor make what was one cause of action multifarious. The purpose sought is to enable a court of equity to reach out and recover diverted assets. Although different relief may be accorded as against the different defendants, this does not effect a severance

or multiplication of the cause of action. I do not think the demurrer upon this ground is good, and, as it was sustained in the court below, the judgment sustaining it should be reversed.

The following was the opinion of the Special Term:

LAWRENCE, J. :

This is an action brought by resident stockholders of the Hall Signal Company, a corporation created under the laws of the State of Maine, having its business office in New York, against its directors and their transferees of its assets. The plaintiffs sue on behalf of themselves and all other stockholders who shall come in and contribute to the expenses of the action, and the corporation is joined as one of the defendants. It is alleged in the complaint that the directors, or some of them, have voted money and treasury stock from the treasury to some of their own number, and to their superintendent in some cases, without legal consideration ; in some cases for grossly inadequate consideration ; in some cases when no quorum was present ; in some cases when the presence of the donee was necessary to a quorum ; in some when the vote of the donee was necessary to a majority, and in all cases contrary to the standing rule of the board established under the direction of a stockholders' meeting. It is also alleged that they have voted treasury stock to some of their own number at fifty dollars when they knew that said stock was selling at over ninety dollars per share ; that they have taken stock from the treasury at fifty dollars per share and with it filled orders at ninety dollars and over, obtained from the purchasers by the company's agent ; that the directors have failed properly to apply and account for moneys received by them for the company ; that they have neglected its interests and imperiled its assets. It is also alleged that during all this time the corporation had its principal office for doing business in the city of New York, and that those transactions were had in the city of New York, and that the defendants issued their circulars from the office of the defendant company, 50 Broadway, New York. It is further alleged that the principal individual defendants voted 500 shares of the stock to one of their own number, the president, at one-half the par and little more than one-half the market value, under the pretext of remunerating him for " extraordinary services " previously rendered ;

that they also voted to him an increase of salary to $1,000, and paid him at that rate from January 1, 1894, and that he received from them out of the treasury of the company such back pay. Furthermore, that after their superintendent had been employed about a year and a half at a fixed salary, and had assigned to the company the inventions and improvements made by him, and the company had become the patentee and owner thereof, they voted 3,000 shares of the stock to him, on the pretext that it was a reasonable and necessary compensation for assignments made a year and a half previously, and that the transfer of these 3,000 shares to him was only a cover for allowing the president and treasurer, who are defendants, to take and dispose of the 3,000 shares at their pleasure. Many other statements and allegations are also contained in the complaint, designed to show that a discovery and accounting is necessary. One of those statements is to the effect that the directors have bought with the funds of the corporation, and without the stockholders' assent, shares of stock in the corporation theretofore issued to other persons or corporations; that those acts were done with intent to gain control of the corporation and to dictate its corporate acts and the acts of the board. There are many other acts of improper conduct alleged on the part of the directors, or some of them, but enough has been stated to show the general character of the complaint. It is further alleged in the complaint that the reason why this suit is brought by the plaintiffs is that the defendants Hall, Gilmore, Parker, Houston, Webb, Miller and James, or some of them, now compose the board of directors of said corporation, and that it would be useless to ask said board to bring this action, as said directors, or a majority of them, are chargeable jointly and severally with the management of the corporation, and have pecuniary interests opposed to the interest of the corporation and of the stockholders. It is stated in the plaintiffs' brief, and not denied, that all the individual defendants have answered. The corporation alone demurs to the complaint, assigning as grounds of demurrer: *First.* That the court has no jurisdiction of the subject of this action. *Second.* That the complaint does not state facts sufficient to constitute a cause of action. *Third.* That the court has no jurisdiction of the defendant. *Fourth.* That causes of action have been improperly united, in that a cause of action in equity against the corporation has been joined with causes of action at law

against the other defendants, or some of them, specifying the different paragraphs of the complaint in which said alleged improper joinder of causes of action appears, and also that the causes of action stated in the complaint do not affect all the parties to the action. *Fifth.* That there is a misjoinder of parties plaintiff, in that Charles F. Ulrich appears by the complaint to have received his stock long after each and every of the acts and transactions set forth in the complaint had occurred, while the plaintiffs Abbie S. Nash and Emma S. Nash are alleged to have received their stock in 1892, when some of the transactions and acts set forth in the complaint had not taken place.

By the complaint it appears that no relief in favor of the plaintiffs individually is asked. The relief prayed for is that the defendants who have not demurred may be required to repay into the treasury of the defendant corporation the amounts alleged to have been illegally taken or obtained by them therefrom. There is enough stated in the complaint, I think, to bring this case within the principle established by *Brinckerhoff* v. *Bostwick* (88 N. Y. 52) and *Briggs* v. *Spaulding* (141 U. S. 132). It is quite apparent from the allegations of the complaint, and from the demurrer which is interposed in this action, that the corporation refuses to prosecute the individual directors who are claimed to have been guilty of an abuse of their trust or a misapplication of the funds of the company, and it is also quite apparent that the individual defendants, against whom relief is mainly sought, are still in control of the corporation. As was said by RAPALLO, J., in the case of *Brinckerhoff* v. *Bostwick* (*supra*) : " In such cases a demand upon the corporation to bring the suit would be manifestly futile and unnecessary. A suit prosecuted under the direction and control of the very parties against whom the misconduct is alleged and a recovery is sought would scarcely afford to the shareholders the remedy to which they are entitled ; and the fact that the delinquent parties are still in control of the corporation is of itself sufficient to entitle the shareholders to sue in their own names." (*Hodges* v. *New England Screw Co.*, 1 R. I. 312; *Heath* v. *Erie Ry. Co.*, 8 Blatchf. 347.) In addition to the cases above cited, the cases of *Holmes* v. *Abbott* (53 Hun, 617), *Garner* v. *Harmony Mills* (6 Abb. N. C. 212), *Gaines* v. *Chew* (2 How. [U. S.] 619) and *Brinkerhoff* v. *Brown* (6 Johns.

Ch. 139) are authorities which support the right of the plaintiffs to maintain this action. I am of the opinion also that this court has jurisdiction of the action. (*Fisk* v. *Chicago, Rock Island, etc., R. R. Co.*, 53 Barb. 513; Code Civ. Proc. § 1780.) The presumption is that the plaintiffs are residents of this State, and objection cannot be taken to the jurisdiction of the court on the ground of their non-residence unless the fact of such non-residence appears upon the face of the complaint. In *Gurney* v. *Grand Trunk Railroad Co. of Canada* (37 N. Y. St. Repr. 560, 561) VAN BRUNT, P. J., said: "Objection to jurisdiction may be raised by demurrer where it appears upon the face of the complaint that the court has no jurisdiction of the person or subject-matter; but unless want of jurisdiction appears upon the face of the complaint the objection must be raised by a motion to set aside the summons where an appearance would confer jurisdiction, or in cases where an appearance would not confer jurisdiction it may be raised by answer, or at the trial, or upon appeal, or by the court itself." The demurrer in this case is general, and, as some of the alleged illegal resolutions are stated in the complaint to have been passed at a meeting or meetings of the directors held in the city of New York, it would appear that a general demurrer on the ground of want of jurisdiction cannot be sustained. Without pursuing this branch of the case further, it is sufficient for me to refer to the opinion of Mr. Justice PATTERSON in denying the motion to continue the injunction granted, *pendente lite.* (See N. Y. L. J., Feb. 11, 1895; S. C., 11 Misc. Rep. 468.) I do not think that the objection that there is an improper joinder of the plaintiffs in this action can be sustained. All of the plaintiffs are stockholders, and, for the purposes of this demurrer, must be presumed to be *bona fide* holders of their stock, and it does not affirmatively appear upon the face of the complaint that the plaintiff Ulrich acquired or became possessed of his stock after all the transactions, the validity of which forms the subject of this action, had taken place. The remaining question in the case is whether the complaint is not multifarious within the meaning of subdivision 7 of section 488 of the Code of Civil Procedure. Where two causes of action are improperly joined in the same complaint a demurrer to the complaint upon the ground that all of the defendants are not affected by both causes will lie, even at the instance of a

defendant who is so affected.   (See *Nichols* v. *Drew*, 94 N. Y. 22 ;
*Stanton* v. *Missouri & Pac. Ry. Co.*, 15 N. Y. Civ. Proc. Rep.
296.)   It is quite apparent that all the causes of action stated in the
complaint do not relate to all of the defendants.   Without specify-
ing all the instances in which causes of action are stated which do
not relate to or affect all the defendants, it is sufficient to say that in
paragraph 10 of the complaint a cause of action against Hall, Coch-
ran, Gilmore and Ingraham is stated for the sale of stock to the
defendant Cochran at an improper price, and that damages are
prayed for against those four defendants for the sale by them as
directors to the defendant Cochran.   The defendant Miller is not
concerned in this cause of action, and had no part in the transaction.
So far as can be ascertained from the complaint, Miller did not
become a director, nor have anything to do with the defendant
company at all until May 4, 1894, when it is alleged that he with
other directors voted illegally to increase Hall's salary.   This
appears to be the only cause of action against Miller set out in the
complaint, except the general charge in paragraph 41, that he failed
to keep proper accounts and records of the transactions of the
company.   The alleged illegal sale of stock to Cochran in 1891
has nothing to do with the alleged illegal increase of the presi-
dent's salary in 1894, nor were all of the same directors con-
cerned in both transactions.   Again, the allegation contained in
the 39th paragraph of the complaint in respect to the alleged ille-
gal transfer to and acceptance by the defendant Webb of stock
illegally issued in December, 1893, has nothing to do with the
transaction in which Miller is alleged to have been concerned in
paragraph 30 of the complaint.   There are other instances in the
complaint of the joinder of causes of action in which some of the
defendants were concerned with others in which only a portion of
those defendants took part.   The case, therefore, seems to fall within
the doctrine laid down in *Nichols* v. *Drew* (*supra*) and *Stanton* v.
*Missouri & Pacific Railway Co.* (15 N. Y. Civ. Proc. Rep. 296).
For these reasons I am of the opinion that the demurrer on the
ground that causes of action have been improperly united should be
sustained, and that the defendants have judgment thereon, with
leave to the plaintiffs to amend upon payment of costs.