(18 App. Div. 590.)

SAYLES v. WHITE et al.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

1. ACTION—MISJOINDER.

In an action by a stockholder of a national bank, in behalf of himself and other stockholders, against the bank, its receiver and directors, the complaint alleged that the bank was insolvent, and defendant S. was appointed receiver; that, from 1889 to the closing of the bank, defendant directors had been directors at different periods, some at one time, and some at another; that, during the whole of said time, one B. was cashier, and embezzled its funds, wrecking the concern; that plaintiff suffered damage through the negligence of said directors. It demanded judgment that the directors be held liable, that an account be taken of the damages suffered, and for judgment against the defendants for the respective amounts such accounting showed. *Held*, that the causes of action against the several directors, arising at different times, were improperly united.

2. BANKS AND BANKING—NEGLIGENCE OF DIRECTORS—COMPLAINT.

Such complaint stated facts constituting a cause of action.

3. EQUITY—JURISDICTION.

Equity has jurisdiction of a suit by a stockholder of a national bank, in behalf of himself and other stockholders, against the bank, its receiver and directors, to recover of the latter damages to the stock of plaintiff and other uniting shareholders, caused by their negligence.

Appeal from trial term, Oneida county.

Action by Joseph I. Sayles against Frank White and others. From an interlocutory judgment entered in the county clerk's office overruling a demurrer to the complaint, defendants appeal. Reversed.

The plaintiff was a stockholder of the Central National Bank of Rome. The defendants are the bank, the receiver of the bank, and persons who had been

directors of the same, and an executrix of the last will and testament of a deceased director. The complaint alleges in substance that the plaintiff, in his own behalf and in behalf of such other stockholders who should unite with him, brings the action because the receiver of the bank had refused to bring the action, and also because his relationship with the subject-matter of the action and to the other defendants made it improper for the receiver to bring the action; that the National Bank of Rome is a corporation and bank association. which was organized in 1865, under the national banking act, transacting its business at Rome, N. Y., from that time until on or about the 24th day of December, 1894, when it became insolvent, and the defendant Stevens was thereupon appointed receiver thereof; that, from 1889 down to the closing of the bank, the defendant directors had been directors of the bank at different periods, some at one time, and some at another; that during the whole of said time one Bielby was cashier of the bank; and that he engaged in stock speculations with other employés of the bank, and with Stevens; and that he misappropriated the moneys of the bank, and, by criminal and improper practices, substantially wrecked the concern, and caused the bank to lose and be damaged more than $240,000, and the plaintiff suffered damage on his stock in the sum of over $5,000; and that the said directors had suffered and permitted the same, and knew, or should have known with proper care and diligence, of the transactions aforesaid; and judgment was demanded that the defendant directors and the executrix of the deceased director be held responsible to the plaintiff for the losses resulting to him as such shareholder of stock from the directors' negligence and misconduct; that an account be taken of such damages suffered by the plaintiff and by other shareholders who might join in the action; and that the several plaintiffs have judgment against the defendants for the respective amounts in which, upon such accounting, it should appear they had respectively suffered damages, and for other relief. The defendants demurred to the complaint, upon the grounds: First, that the court had not jurisdiction of the subject of the action; second, that the complaint does not state facts sufficient to constitute a cause of action; third, that causes of action have been improperly united in said complaint, in that causes of action against some of the defendants are joined with various and separate causes of action against others of the defendants,—the general basis of this ground of demurrer being that all of said defendant directors were not such at the same time, and that it is improper to seek to recover in one action relief for acts to which all of the defendants were not parties.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Thomas S. Jones and J. S. Baker, for appellants.

D. F. Searle, for respondent.

WARD, J. The trial court was clearly right in overruling the first two grounds of demurrer, viz. that the court had not jurisdiction of the subject of the action, and that the complaint did not state facts sufficient to constitute a cause of action.

A serious question arises, however, upon the third ground of demurrer. The case of Brinckerhoff v. Bostwick, reported first in 88 N. Y. 52, again in 99 N. Y. 185, 1 N. E. 663, and lastly in 105 N. Y. 567, 12 N. E. 58, where various phases of the case came before the court of appeals, is probably the case that guided the plaintiff in bringing this action. Brinckerhoff was the holder of 16 shares of the capital stock of the National Bank of Fishkill. The defendants were the directors of that bank. The bank had become insolvent, and Bostwick had been appointed its receiver. The complaint charged, as in the case at bar, that the directors had permitted, by their negligence, the waste and destruction of the assets of the bank, and

various acts of neglect and misconduct in which the defendant Bostwick had participated, and that the plaintiff had sustained damage to his stock as a result, and demanded judgment that the damages be ascertained which the bank and its stockholders had sustained, to be paid by the defendant directors; that the receiver had neglected and refused to bring the action, and the plaintiff brought the same as a stockholder. In the Brinckerhoff Case, however, there was no change of directors during the entire period covering the alleged negligence and wrongful acts. The defendants in that case demurred to the complaint, on the ground of want of jurisdiction, improper joinder of parties, want of legal capacity to sue, and failure to show a cause of action. The demurrer was overruled, and the court of appeals held that the complaint set forth a cause of action against the directors, and that:

"The directors of a corporation who willfully abuse their trust or misapply the funds of the company by which a loss is sustained are personally liable as trustees to make good that loss, and they are also liable if they suffer the corporate funds to be lost or wasted by gross negligence and inattention to the duties of their trust." Brinckerhoff v. Bostwick, 88 N. Y. 61.

When the case was again in the court of appeals (99 N. Y. 185, 1 N. E. 663), the question was considered whether the provision of Code Civ. Proc. § 394 (limiting to three years the time for bringing an action against a director or stockholder of a moneyed corporation "to recover a penalty or forfeiture imposed, or to enforce a liability created by law") applied to certain defendants in that action. It was held that it did not, and Earl, J., says, at page 193, 99 N. Y., and page 667, 1 N. E.:

"We think the limitation applicable to this action is ten years, that which is prescribed by section 388 of the Code. This is unquestionably an equity action, and the plaintiffs stand in the place of the receiver, and, if he had prosecuted the action, he would have stood in the place of the bank, and had the same rights which it would have had if plaintiff. * * * The action is against the directors, as trustees, to call them to account for the manner in which they discharged their trust, and is one in which courts of equity always have jurisdiction. 'The liability of directors of corporations for violations of their duty or breaches of the trust committed to them, and the jurisdiction of courts of equity to afford redress to the corporation, and in proper cases to its shareholders for such wrongs, exist independently of any statute.'"

In O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371, the action was brought by the plaintiffs, as receivers of the Madison Square Bank of New York City, against the defendant directors of the bank, that had been elected and served at different periods between April 1, 1891, and August 9, 1893. The complaint then set forth various acts of negligence and misconduct on the part of the defendants as such directors, and alleged that, by reason thereof, the bank, its creditors and stockholders, were damaged to the amount of $750,000, for which judgment was demanded against the defendants, and each of them. The defendant Fitzgerald demurred to the complaint, on the ground, among others, that two or more causes of action were improperly united, and Finch, J., says, at page 380, 143 N. Y., and page 371, 38 N. E.:

"On its face and in its form, this is an action at law to recover damages for negligence. * * * There is no suggestion that any equitable relief is essential to a full and complete redress, and no facts are stated which indicate a need

of such intervention. It is not averred that a discovery is requisite to the completeness of the remedy. * * * It is not alleged that an accounting is necessary to ascertain the damages, but these are claimed as a definite and fixed sum, resulting indirectly from the negligent acts of the defendants." ·

No relief was demanded except for a money judgment. The demurrer was sustained, and subsequently the complaint was amended under leave granted.

See O'Brien v. Fitzgerald, 6 App. Div. 511, 39 N. Y. Supp. 707, where it was sought to insert the necessary allegation in the complaint to make the action an equitable one, within the intimations of the court of appeals, among which was a demand for an accounting among the several defendants as to the damage committed by them, and as to their administration and the trust reposed in them, and that the liability might be apportioned among the defendants, and that, as to some of the matters concerning which relief was therein sought, all the defendants were accountable to the plaintiffs, and as to some matters a portion of the defendants were alone liable, and that full and adequate relief could not be granted to the plaintiff unless all the defendants should be required to account in the action for their respective breaches of trust, etc., and the complaint demanded such further relief as the court should grant. Judge Ingraham, speaking for a majority of the appellate division for the First department, in passing upon the amended complaint, held, in effect, that the character of the action had not been changed by the amendment to the complaint, but it still continued to be to all intents and purposes a legal action; that the amended complaint set forth no new facts, but was simply conclusions of law; and that the allegation that a multiplicity of suits will be required if the plaintiffs have to sue each defendant (which allegation also appeared in the amended complaint), joining only those who aided him in the wrongful acts which would make them liable, does not bring the case within one of the class where the court will intervene to prevent a multiplicity of actions against one individual; and that there the multiplicity of actions is against a multitude of people, rather than against one person, whom equity will in some cases enjoin; and the learned judge, at page 514, 6 App. Div., and page 709, 39 N. Y. Supp., proceeds to say:

"In the case of Higgins v. Tefft, 4 App. Div. 62, 38 N. Y. Supp. 716, we sought to place a distinction between the liability of a trustee to account in equity and the liability of a trustee in an action at law upon the allegation as to the relation that existed between the trustee and the cestui que trust, or the property of the trust which had become lost or wasted, holding that an action for an accounting would lie where it was alleged that the relation of the trustee to the property was such that a court of equity could charge him with the amount that he had received, and compel him to account to the court for the disposition which had been made of such property. The fact that a trustee bears such a relation to the property that he is chargeable with it or its proceeds when called upon for it either by his cestui que trust or by the court is a basis for an action for an accounting in equity. If there are no sums of money with which the director can be charged upon the proofs of his relations to the property, he cannot be called to account for any particular property, and thus an action for an accounting will not lie. Where his liability to his cestui que trust or to the corporation of which he is a director or trustee is not to account for specific property, but for damages, because of his negligent

acts in the performance of his duty, a different principle arises as to his liability from that of a case where, in consequence of his relations to the property of the trust, he is bound to show what disposition of that property has been made, being chargeable with the value of the property. Applying the distinction we made in the case of Higgins v. Tefft, supra, it seems clear that, from the facts alleged in the complaint, this action cannot be maintained as an action for an accounting in equity. It is clear, however, that it does set forth a complete action at law against each of these directors; but, if it is an action at law, it is conceded that causes of action are improperly united."

And a demurrer for the improper joinder of causes of action in the amended complaint was sustained, which was affirmed on appeal to the court of appeals, reported in 150 N. Y. 572, 44 N. E. 1126, in which there is a memorandum of decision, as follows:

"Judgment affirmed, with costs, on the opinion below, and the questions answered as follows (certified questions): First. Whether the amended complaint in this action sets forth a cause of action in equity. Answer: No. Second. Whether there has been an improper joinder of causes of action in the amended complaint herein. Answer: Yes."

In this connection we may properly consult Nash v. Signal Co., 90 Hun, 354, 35 N. Y. Supp. 940.

While the case of O'Brien v. Fitzgerald was traveling through the First appellate division and the court of appeals, a case at the other end of the state was taking its journey to the court of appeals,— Empire State Sav. Bank v. Beard, 81 Hun, 184, 30 N. Y. Supp. 756. That was an action by the Empire State Savings Bank of Buffalo against Peter C. L. Beard and others, trustees of the bank appointed under the savings bank law, whose duties and responsibilities were similar to those of directors of national banks. The complaint alleged that these trustees were elected at different times, and held office at different periods from 1878 to 1892; that one Dann, who was secretary and treasurer, had, in conjunction with the bookkeeper and teller, mismanaged the affairs of the bank, abstracted therefrom large sums of money, and was permitted to do so through the negligence of the trustees, and the trustees were charged with malfeasance in their office in loaning the bank's moneys on inadequate securities; and the complaint alleged that, on account of the different periods of time during which the defendants were trustees of the corporation, no adequate recovery of damages without a multiplicity of suits could be had to reimburse the losses of the bank occasioned by reason of the matters charged against the trustees, and that such losses could only be properly apportioned by an accounting, and that the object of the action was to apportion such losses justly and equitably among the defendants for the benefit of the depositors and the creditors of the bank. The relief demanded in the complaint was that the plaintiff have judgment against the defendants for the loss of the moneys so abstracted, and that the amount of the same be equitably apportioned among them. The defendants demurred to the complaint among other grounds, that it did not state facts sufficient to constitute a cause of action, and that causes of action had been improperly united. The special term overruled the demurrer, and this ruling was sustained by the general term of the Fifth department. On appeal to the court of ap-

peals, the judgment of the general term was reversed, without opinion, on the authority of O'Brien v. Fitzgerald, 150 N. Y. 572, 44 N. E. 1126. This result is reported in 151 N. Y. 639, 45 N. E. 1131.

It is but just to the learned trial judge in the case at bar to state that his decision was made before the announcement of the last decision cited in the court of appeals. Can the case at bar be so far distinguished from the O'Brien Case and the Empire State Sav. Bank Case as that we can sustain the judgment here appealed from? Observe that in the Brinckerhoff Case the action was by a stockholder, as in the case at bar, and the facts in the two cases are quite similar, with the exception that in the Brinckerhoff Case the defendants were not elected for or served at different periods during the time covered by the litigation, while in the O'Brien and Empire State Sav. Bank Cases a stockholder did not bring the action.

When the O'Brien Case was first in the court of appeals (143 N. Y. 382, 38 N. E. 372), Judge Finch says:

"The case of Brinckerhoff v. Bostwick is pressed upon our attention as indicating that the present action must be regarded of an equitable character. But there is a wide and vital difference between the two cases. In this [the O'Brien Case] the action is by the corporation against its delinquent directors; in the other it was by a stockholder who. could not sue at law, but was compelled to go into equity to obtain his relief, and whose right of action was wholly and purely of an equitable character."

And Judge Ingraham makes the same distinction when the O'Brien Case was in the First appellate division. If the fact that the stockholder does bring the action, and, under the circumstances of the case, is compelled to bring it, of itself makes the action an equitable one, we possibly may say that it is an equitable action, and so distinguish it from the other cases; but this view is embarrassed by the fact that the court of appeals has made the rule of distinction as between legal and equitable actions in such cases in the O'Brien Case to depend upon the intrinsic nature of the action, and not upon the character of the parties instituting it: that is to say, the later view of the court of appeals in the O'Brien Case, in indorsing the opinion of Judge Ingraham that we have cited, would seem to indicate it.

Winding through the labyrinth of cases we have cited, what conclusion are we to reach as to the law which the court of appeals has laid down to govern our decisions in the case at bar. We have referred to the resemblance between this case and the Brinckerhoff Case, and we find that the facts in the case at bar bear a striking resemblance to those of the case of the Empire State Savings Bank. If, in the case last cited, the joinder of causes of action against the several directors could not be maintained, it is difficult to see how such joinder can be maintained in the case at bar. If we understand the effect of adopting the appellate division's opinion in the O'Brien Case, it is this: That, where an action is brought against persons occupying a fiduciary or trust relation to property whereby they may be compelled to account for such property, a proceeding to compel them to account is strictly an equitable action; and, in determining the sufficiency or cor-

rectness of pleadings in such an action, reference is to be had to the more liberal rule as to the joinder of causes of action and of defendants that prevails in equity actions; but in actions against such trustees to recover damages for injury to or destruction or appropriation of property of the plaintiff, or for an injury, or damage to it by reason of negligence, and want of proper care on the part of the trustees, then the action is a legal one, and the rules of pleading and procedure governing legal actions apply to such a case; and to the latter class of cases belong the O'Brien and the Empire State Sav. Bank Cases, and are controlling in this. That being so, we shall be constrained to hold that the interlocutory judgment overruling the demurrer in the case before us should be reversed, with costs, notwithstanding the conclusions we might otherwise reach in this case.

FOLLETT, ADAMS, and GREEN, JJ., concur.

HARDIN, P. J.    I think the interlocutory judgment overruling the demurrers should be reversed, and the demurrers sustained.    In reaching this conclusion, I rely upon Nash v. Signal Co., 90 Hun, 355, 35 N. Y. Supp. 940; O'Brien v. Fitzgerald, 6 App. Div. 509, 39 N. Y. Supp. 707, affirmed 150 N. Y. 572, 44 N. E. 1126, which latter case was followed in Empire State Sav. Bank v. Beard, 151 N. Y. 638, 45 N. E. 1131, reversing same as reported in 81 Hun 184, 30 N. Y. Supp. 756; and I therefore concur in the opinion of WARD, J.