GEORGE M. O'CONNOR, Respondent, v. HUGH GREEN, Appellant, Impleaded with Others.

*Voluntary association of owners on a street — a contract for a sewer, which is built, and in part paid for, cannot be repudiated because not signed by others — parol evidence to vary it — defect of parties, how cured.*

Where the residents of a street organize a voluntary association for the purpose of constructing a private sewer along that thoroughfare, enter into a contract with a contractor, reciting, "We, the undersigned, hereby agree to pay for the above sewer and accept Geo. M. O'Connor's bid, Five Hundred and Seventy-five Dollars, $575 in the same ratio per ft.," stand by and watch the contractor perform the work and ratify his action by paying him a considerable portion of

the contract price during such performance, they are estopped from asserting, in an action brought by the contractor to recover the balance of the contract price, that there was a collateral understanding between the parties that the contract should not become effective until certain other parties supposed to be benefited by the construction of the sewer had signed the same.

The fact that the personal representative of one of the original signers of the contract, who died before the action was commenced, was not made a party to the action, does not entitle the defendants to have the complaint dismissed upon motion; their remedy is to make a motion to have the personal representative of the deceased signer brought in.

Parol evidence relating to the clause " in the same ratio per ft.," is incompetent where the object thereof is clearly to vary the terms of the contract.

GOODRICH, P. J., dissented.

APPEAL by the defendant, Hugh Green, from a judgment of the Municipal Court of the city of New York in favor of the plaintiff, rendered on the 18th day of May, 1900.

*Athelstan Vaughan* for the appellant.

*Edward J. McGanney*, for the respondent.

WOODWARD, J.:

It appears that certain residents of North William street, Astoria, L. I., city of Brooklyn, organized a voluntary association for the purpose of constructing a private sewer along that thoroughfare, of which the appellant Green was the treasurer. On March 4, 1899, the plaintiff made a proposition in writing to the property owners on North William street, in which he proposed to construct the desired sewer for the sum of $575. This proposition was accepted by the several property owners, who signed the following memorandum in connection with the proposition:

" We, the undersigned, hereby agree to pay for the above sewer and accept Geo. M. O'Connor's bid, Five Hundred and Seventy-five Dollars, $575 in the same ratio per ft." Work was commenced and carried on under this contract to completion, the association, through defendant Green, paying the plaintiff at various times sums of money aggregating $467.48, which left a balance due, on the completion of the work, including some extras, of $127.87. From a judgment for this amount, together with costs, the defendant Green appeals to this court.

There is no dispute that the work has been completed; that the

plaintiff has performed his part of the contract fully, but there is a suggestion that there was some collateral understanding that the contract was not to become effective until certain other parties, supposed to be benefited by the construction of this sewer, had signed this agreement. Our attention is directed to several undoubted authorities in support of the proposition that a collateral contract may be established, but in none of them is there any analogy to the present case. The parties who signed this contract jointly agreed to pay for this sewer; they have stood by and watched the contractor at his work; they have ratified his action by paying him a considerable portion of his claim during the time that he was putting in this sewer, and they cannot now be heard to say that the contract was not complete because it was not signed by all of the people whom they may have believed should have signed the same. The defendants own this sewer; they are in a position to exact compensation for the use of the same whenever the parties supposed to be benefited make connections, and it would be most unjust and inequitable to deprive the contractor of the price of his work on account of the conduct of parties who were not involved in the contract.

The motion of the defendants' counsel to dismiss the complaint on the ground that it shows on its face a defect of parties defendant, was properly denied. Mary Kendrick, one of the original signers of the contract, died before this action was commenced, and the contention of defendant Green is that a failure on the part of the plaintiff to make her representative a party to the action is a defect of parties defendant, and that it was error to refuse to dismiss the complaint. We are of opinion that section 758 of the Code of Civil Procedure does not contemplate the dismissal of the complaint upon motion, but that the defendants might, in a proper case, have the legal representative of the deceased person brought in and made a party. The provision of the Code is that " in case of the death of one of two or more plaintiffs, or one of two or more defendants, if the entire cause of action survives to or against the others, the action may proceed in favor of or against the survivors." It is provided, however, evidently for the benefit of those in the position of the present defendants, that " the estate of a person or party jointly liable upon contract with others shall

not be discharged by his death, and the court may make an order to bring in the proper representative of the decedent, when it is necessary so to do, for the proper disposition of the matter." If the defendant Green desired that the representative of Mary Kendrick should be brought in, he might have made the motion, and a refusal to grant the motion might have presented a question for the consideration of this court, but a motion to dismiss the complaint was not in order, and its denial opens no question for review. (*Empire State Savings Bank* v. *Beard*, 81 Hun, 184, 194.) In the case cited the court held that there was no support for a demurrer on the ground of defect of parties where a party who had been originally included as a defendant was, upon his death, dropped from the amended complaint, the court remarking that " the case comes within the provision of the statute to the effect that if one of two or more parties to an action dies it may proceed in favor of or against the survivors, and the court may make an order to bring in the representatives of the decedent."

The further allegation of error in striking out testimony relating to the clause " in the same ratio per ft.," is equally without merit. The object of the testimony was clearly to vary the terms of the contract, and the clause, as between the plaintiff and defendants, had no bearing upon the question. The rules of evidence exclude oral testimony with reference to the understanding of the parties, or to supply omissions, and permit it, only, when to do so is necessary to explain the meaning of some technical or ambiguous language used. It will not permit it to vary the terms of the contract itself by inserting in the writing what is not there. (*United Press* v. *New York Press Co.*, 164 N. Y. 406, 410, and authorities cited.)

The judgment appealed from should be affirmed, with costs.

All concurred, except GOODRICH, P. J., dissenting.

Judgment of the Municipal Court affirmed, with costs.